[Crim No. 21022. Nov. 27, 1979.]

THE PEOPLE, Plaintiff and Respondent, v.
MICHAEL ALAN HARVEY, Defendant and Appellant.

755

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, J. Perry Langford and Handy Horiye for Defendant and Appellant.

Evelle J. Younger, George Deukmejian, Attorneys General, Jack R. Winkler, Robert H. Philibasian, Chief Assistant Attorneys General, Daniel J. Kremer, Assistant Attorney General, Karl J. Phaler, Alan S. Meth and Michael D. Wellington, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

**RICHARDSON, J.**—Defendant Michael Alan Harvey appeals from a judgment entered following his plea of guilty to two counts of robbery (Pen. Code, § 211) with use of a firearm. (All further statutory references are to the Penal Code unless otherwise cited.) The plea was part of a bargain under which a third count, charging an unrelated robbery, was dismissed. He was sentenced to state prison for an aggregate term of seven years and eight months. Calculation of that term included four elements: (1) a four-year "upper" term for the robbery charged in count one (see former § 213); (2) a two-year enhancement of count one for using a firearm during that robbery (§ 12022.5); (3) a one-year consecutive term for the robbery charged in count two (which term consists of one-third of the three-year "middle" term for robbery (see § 1170.1, subd. (a)); and (4) an eight-month enhancement of count two for firearm use (which term consists of one-third of the two-year enhancement for firearm use (see *ibid.*)).

Defendant is critical of the duration of his sentence, contending that the sentencing court improperly considered and relied upon the facts underlying the third, *dismissed* robbery count in selecting the four-year upper term as an appropriate punishment for count one (element one). A similar error, so he argues, resulted in the imposition of a consecutive sentence for the term under count two (element three). Finally, defendant asserts that the eight-month enhancement of the punishment for count two by reason of firearm use (element four) violated the provisions of section 1170.1. We will conclude that two of defendant's three contentions have merit and that while the judgments of conviction are affirmed the cause must be remanded for resentencing.

1. ■ *Aggravation of Sentence in Reliance on Dismissed Count*

a) *Choice of the upper term for count one.* The record indicates that, in sentencing, the trial court selected the upper, four-year term for the robbery under count one because of certain "aggravation aspects" surrounding defendant's offenses, including the robbery charged in the dismissed count three. The sentencing court expressly relied upon a probation report which contained an extensive discussion of the circumstances of the foregoing robbery. In passing sentence, the court stated that "Now the Probation Department. . .brought out the aggravation aspect. . .under [sentencing rule] 421(a)1 wherein they indicate that he pointed a gun, a loaded revolver, at victims *in all three robber-*

*ies.* The victims claim that he said quote, 'Don't get your gun or [press] any alarms or I'll blow you away,' unquote.... Under [rule] 421(a)10, over $600 in cash was stolen...." (Italics added.) As defendant correctly notes, the threatening statement quoted by the sentencing court was made to the victim of the third, dismissed robbery. Also, the bulk of the $600 referred to was taken in the third robbery.

Rule 421, California Rules of Court, describes the "Circumstances in Aggravation" which a sentencing judge may consider in imposing punishment. Rule 421(a) includes "Facts relating to the crime." The People, quite fairly, concede that evidence regarding a dismissed offense, such as the robbery charged in count three, could not properly be considered as such "facts relating to the crime" because the rule plainly applies only to those aggravating circumstances which underlie the offense or offenses for which sentence is imposed, and not to any uncharged or dismissed offenses. The People do assert, however, that evidence regarding such offenses could be relevant and admissible to show pertinent "facts relating to the defendant" under rule 421(b), which include defendant's "pattern of violent conduct" (rule 421 (b) (1); cf. *People* v. *Cheatham* (1979) 23 Cal.3d 829, 834-835 [153 Cal.Rptr. 585, 591 P.2d 1237]).

In our view, under the circumstances of this case, it would be improper and unfair to permit the sentencing court to consider any of the facts underlying the dismissed count three for purposes of aggravating or enhancing defendant's sentence. Count three was dismissed in consideration of defendant's agreement to plead guilty to counts one and two. Implicit in such a plea bargain, we think, is the understanding (in the absence of any contrary agreement) that defendant will suffer no adverse sentencing consequences by reason of the facts underlying, and solely pertaining to, the dismissed count. The People have cited no contrary authorities. Although *People* v. *Guevara* (1979) 88 Cal. App.3d 86, 92-94 [151 Cal.Rptr. 511], upheld the authority of the sentencing court to take into account certain facts underlying charges dismissed pursuant to a plea bargain, those facts were also *transactionally related* to the offense to which defendant pleaded guilty. As the *Guevara* court carefully explained, "The plea bargain does not, expressly or by implication, preclude the sentencing court from reviewing all the circumstances relating to Guevara's *admitted* offenses to the legislatively mandated end that a term, lower, middle or upper, be imposed on Guevara commensurate with the gravity of his crime." (P. 94, italics in original.) In contrast, as we have noted, the present case involved a rob-

bery alleged in dismissed count three which was unrelated to, and wholly separate from, the admitted robberies charged in counts one and two.

We conclude that the cause should be remanded for resentencing on count one.

b) ■ *Choice of consecutive sentence for count two.* The record fails to indicate, however, that in choosing to impose a consecutive sentence the court improperly relied upon any evidence underlying dismissed count three. Under rule 425(a) of the Rules of Court, the sentencing court in determining whether to impose consecutive or concurrent sentences may consider "Facts relating to the crimes, including whether or not: [¶] (1) The crimes and their objectives were predominantly independent of each other. [¶] (2) The crimes involved separate acts of violence or threats of violence. [¶] (3) The crimes were committed at different times or separate places, rather than being committed so closely in time and place as to indicate a single period of aberrant behavior. [¶] (4) Any of the crimes involved multiple victims. [¶] (5) The convictions for which sentences are to be imposed are numerous." The record demonstrates that in selecting consecutive sentences the court correctly applied the sentencing factors described in subdivision (a), focusing only upon those two robberies of which defendant has been convicted. We conclude that the court's references to "the crimes" committed by defendant were limited to the two robberies underlying counts one and two, and that imposition of the consecutive sentence in question was entirely proper.

2. ■ *Enhancement of Sentence in Reliance on Firearm Use*

As noted, defendant's use of a firearm in connection with the two robberies under counts one and two accounted for a two-year enhancement of count one, and an eight-month enhancement of count two. Defendant acknowledges that the enhancement of count one was appropriate under section 1170.1, but he challenges the propriety of the enhancement of count two under that section.

Section 1170.1 relates to calculation of the term of imprisonment for offenses ordered to run consecutively. Subdivision (a) of this section provides in pertinent part "...the aggregate term of imprisonment ...shall be the sum of the principal term, [and] the subordinate term.... The principal term shall consist of the greatest term of im-

prisonment imposed by the court for any of the crimes, including any enhancements imposed pursuant to Section 12022, 12022.5, 12022.6, or 12022.7. The subordinate term for each consecutive offense shall consist of one-third of the middle term of imprisonment prescribed for each other felony conviction for which a consecutive term of imprisonment is imposed, *and shall exclude any enhancements when the consecutive offense is not listed in subdivision (c) of Section 667.5, but shall include one-third of any enhancement imposed pursuant to Section 12022, 12022.5 or 12022.7 when the consecutive offense is listed in subdivision (c) of Section 667.5."* (Italics added.)

Defendant contends that firearm use is not an "offense" which is "listed" in section 667.5, subdivision (c), and that accordingly the eight months' enhancement for firearm use was improper. Section 667.5 pertains to the subject of enhancement of sentence by reason of prior prison terms imposed on a defendant. Subdivision (a) of the section provides for specified enhanced terms where the offense was one of the "violent felonies" specified in subdivision (c) thereof. That subdivision provides, in pertinent part, "For the purpose of this section, 'violent felony' shall mean any of the following: (1) Murder or voluntary manslaughter. (2) Mayhem. (3) Rape as defined in subdivisions (2) and (3) of Section 261. (4) Sodomy by force, violence, duress, menace, or threat of great bodily harm. (5) Oral copulation by force, violence, duress, menace, or threat of great bodily harm. (6) Lewd acts on a child under 14 as defined in Section 288. (7) Any felony punishable by death or imprisonment in the state prison for life. (8) Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, *or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5.* [¶] The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person." (Italics added.)

Although robbery with firearm use is not specifically mentioned by name in the list of "violent felonies" under subdivision (c), this offense presumably would be included within that category by reason of the broad language of paragraph (8). Nonetheless, as defendant points out, to construe section 1170.1, subdivision (a), as permitting the enhancement of defendant's consecutive offense solely by reason of his

commission of a felony involving use of a firearm would result in a troublesome anomaly: As so interpreted, section 1170.1 would permit enhancement for firearm use *in any case involving firearm use,* thereby seeming to render wholly unnecessary the section's specific statutory reference to the various violent felonies described in section 667.5, subdivision (c). The foregoing inconsistency would also extend to enhancements under section 12022.7 (infliction of great bodily injury), for these enhancements are also included within the statutory definition of "violent felonies" under section 667.5, subdivision (c) (8).

The question is close and subtle. However, the evident legislative intent underlying section 1170.1, subdivision (a), was to allow enhancement of the consecutive offense only in certain *limited* situations, namely, where the conduct for which such enhancement is sought (e.g., firearm use) occurred in the course of commission of a violent felony (such as murder, mayhem, rape, etc.). We think it is unlikely that the Legislature intended to impose an enhancement for firearm use or great bodily injury in every case involving such factors, given the statutory reference in section 1170.1, subdivision (a), to section 667.5. (See also, § 1170.1, subds. (c) and (f), both of which distinguish between the felonies described in § 667.5, subd. (c), and the enhancements imposed pursuant to §§ 12022, 12022.5, 12022.6, and 12022.7.)

Thus, properly construed, section 1170.1, subdivision (a), permits enhancement only for those *specific offenses* listed in section 667.5, subdivision (c). Because the offense of robbery with firearm use is not specifically listed in that latter section, we conclude that the trial court erred in imposing an additional eight-month enhancement for that offense in the present case. (Accord, *People* v. *Williamson* (1979) 90 Cal.App.3d 164, 171 [153 Cal.Rptr. 48].)

The cause is remanded to the trial court with directions to set aside the sentence and to resentence defendant in accordance with the views expressed herein. The judgment of conviction is affirmed.

Bird, C. J., Tobriner, J., Mosk, J., and Newman, J., concurred.

**CLARK, J.,** Concurring and Dissenting.—Section 1170.1, subdivision (a), of the Penal Code states that the subordinate term for a consecutive offense "shall include one-third of any enhancement imposed pursuant to Section 12022 [arming with a firearm or personal use of a deadly or dangerous weapon], 12022.5 [use of a firearm] or 12022.7

[infliction of great bodily injury] when the consecutive offense is listed in subdivision (c) of Section 667.5." The offenses listed in subdivision (c) of section 667.5 expressly include any felony "in which the defendant inflicts great bodily injury...or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5." Therefore, I must dissent from the majority opinion insofar as it concludes the Legislature did not intend "to impose an enhancement for firearm use or great bodily injury in every case involving such factors." (*Ante,* p. 761.)

Defendant contends, and the majority agree, that interpreting section 1170.1, subdivision (a), as permitting the enhancement of defendant's consecutive offense solely by reason of his commission of a felony involving use of a firearm "would result in a troublesome anomaly: As so interpreted, section 1170.1 would permit enhancement for firearm use *in any case involving firearm use,* thereby seeming to render wholly unnecessary the section's specific statutory reference to the various violent felonies described in section 667.5, subdivision (c)." (*Ante,* p. 761.) However, the reference in section 1170.1, subdivision (a), to the offenses listed in section 667.5, subdivision (c), is not entirely redundant. Section 1170.1, subdivision (a), is concerned with enhancements imposed pursuant to not only sections 12022.5 (use of a firearm) and 12022.7 (infliction of great bodily injury) but also 12022 (arming with a firearm or personal use of a deadly or dangerous weapon). The reference in section 1170.1, subdivision (a), to section 667.5, subdivision (c), is necessary, therefore, to fully express the Legislature's intent regarding enhancements imposed pursuant to section 12022, namely, that the subordinate term for a consecutive offense is not to include one-third of an enhancement imposed pursuant to section 12022 unless the consecutive offense is one listed in subsections (1)-(7) of subdivision (c) of section 667.5.

Admittedly, the reference in section 1170.1, subdivision (a), to section 667.5, subdivision (c), is redundant with regard to enhancements imposed pursuant to sections 12022.5 and 12022.7. However, that the Legislature could have expressed itself with greater concision is no justification for refusing to give effect to what it did say.

Manuel, J., concurred.

Respondent's petition for a rehearing was denied December 27, 1979. Manuel, J., was of the opinion that the petition should be granted.