[Crim. No. 11278. Fourth Dist., Div. One. Mar. 12, 1980.]

THE PEOPLE, Plaintiff and Respondent, v.
GLEN RAY DAVIS, Defendant and Appellant.

272

**COUNSEL**

Appellate Defenders, Inc., under appointment by the Court of Appeal, and Handy Horiye for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Jay M. Bloom, Harley D. Mayfield, Michael D. Wellington and Alan S. Meth, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

WIENER, J.—Glen Ray Davis was charged with robbery (Pen. Code, § 211)[1] in count I, attempted robbery (§§ 664, 211) in count II, and possession of a concealable firearm by an ex-felon (§ 12021) in counts III and IV. In conjunction with counts I and II, it was alleged defendant personally used a firearm (§§ 12022.5, 1203.06, subd. (a)(1)(iii).) Three prior felony convictions were also alleged, including an armed robbery in 1971 which was alleged to be a violent felony under section 667.5, subdivision (a). Defendant agreed to submit count II on the transcript of the preliminary hearing and waived his right to a jury trial. The court found him guilty of attempted robbery with personal use of a firearm and also found the allegation pertaining to the 1971 robbery to be true. The remaining counts and allegations were dismissed and stricken respectively. Defendant appeals his judgment of conviction.

We conclude that under *Bunnell* v. *Superior Court* (1975) 13 Cal.3d 592 [119 Cal.Rptr. 302, 531 P.2d 1086], the failure of the court to advise the defendant of his privilege against self-incrimination and obtain his express waiver before submitting the matter on the preliminary hearing transcript requires reversal. Accordingly, we reverse the judgment with directions to the court to reinstate the dismissed counts and stricken allegations. Among the remaining issues we address for the guidance of the court upon retrial and sentencing, we decide defendant's prior robbery conviction is not a violent felony, thus defendant's sentence can be enhanced for one year only under section 667.5, subdivision (b).

*Factual Background*

On December 19, 1978, at about 1 a.m., Raymond Williams, an employee of the Burger King located at 4625 Mission Bay Drive in San Diego, was leaving the restaurant at closing time, when defendant accosted him with a gun demanding the whereabouts of the safe. He led defendant to the safe, but told him he did not know the combination. Defendant then demanded he get the individual who did. When Williams' attempt to do so proved unsuccessful, defendant shot the gun at the floor in apparent frustration. The men then entered the office where defendant told Williams to open the cash drawers. The latter replied

---

[1]All references are to the Penal Code unless otherwise specified.

the drawers were locked and he did not have the keys. Defendant stated: "You better open these drawers, or you're going to be a dead man." Williams still maintained he could not do so because he did not have the keys. At about this time, he put the gun to Williams' head. He then ordered Williams onto the floor, ripped out the telephone line, and left.

San Diego Police Officer Ronald Hobson received a call regarding the attempted robbery and a description of the suspect. He proceeded towards Mission Bay Hospital where the suspect had last been seen; found defendant who fit the description in the parking lot; arrested him; and placed him in the rear of his patrol car. Williams was then brought to the scene and positively identified him. In the area between Burger King and Mission Bay Hospital, Officer Burstein discovered a loaded .38 caliber Smith and Wesson revolver which had been used in the attempted robbery.

I

█ *Bunnell* v. *Superior Court, supra,* 13 Cal.3d 592, requires that "in all cases in which the defendant seeks to submit his case for decision on the transcript...the record shall reflect that he has been advised of his right to a jury trial, to confront and cross-examine witnesses, and against self-incrimination." (*Id.,* at p. 605.) A defendant must expressly waive each of his enumerated constitutional rights. (*Id.,* at p. 605.) Defendant concedes he was properly admonished except for his right against self-incrimination.

The court told him of his right to "...call witnesses of your own to testify in the case; and if you want to get on the stand and testify as to the facts surrounding this charge of attempted robbery, you may do so." The subject matter was again addressed a few moments later by the prosecutor, causing defense counsel to reply: "That he has given up his right to testify on his own behalf, or not to testify, and has a right to call witnesses." The court then responded: "I have talked to Mr. Davis about each of those things. That covers it." The defendant was present during this dialogue. The following day, defendant reaffirmed his desire to the trial judge to put his case before him.

Our function is not to determine from the evidence whether defendant was aware of his right to remain silent. (*In re Tahl* (1969) 1 Cal. 3d 122, 130-131 [81 Cal.Rptr. 577, 460 P.2d 449]; *People* v. *Levey*

(1973) 8 Cal.3d 648, 653 [105 Cal.Rptr. 516, 504 P.2d 452].) The face of the record must establish that defendant was expressly told of his right against self-incrimination and his express waiver of that right. (*Id.*, at p. 653; *Bunnell* v. *Superior Court, supra*, 13 Cal.3d at p. 605.) Here, the script was not followed. There was nothing in the explanation by the court to indicate that defendant could not be *compelled* to be a witness against himself.[2] The judgment of conviction must be reversed; the remaining counts dismissed pursuant to the "slow plea" bargain shall be restored. (*People* v. *Collins* (1978) 21 Cal.3d 208, 215 [145 Cal.Rptr. 686, 577 P.2d 1026]; *In re Sutherland* (1972) 6 Cal.3d 666, 672 [100 Cal.Rptr. 129, 493 P.2d 857].)

## II

Defendant next contends the court erred in denying his motion to strike his 1971 prior felony conviction of robbery. The basis of his argument is that the record fails to demonstrate *on its face* that when he entered his plea of guilty to the 1971 robbery, he was advised of or personally waived his constitutional rights. We conclude defendant has waived his right to assert this issue for lack of diligence.

We assume arguendo that a pretrial hearing to determine the constitutional validity of a prior conviction as authorized by *People* v. *Coffey* (1967) 67 Cal.2d 204, 217 [60 Cal.Rptr. 457, 430 P.2d 15], is not limited solely to an attack on the constitutional infirmity of the denial of the right to counsel, but also permits the constitutional challenge of a prior conviction on the ground that the court failed to properly admonish defendant pursuant to *Boykin-Tahl* requirements before accepting his guilty plea. (*Salazar* v. *Municipal Court* (1975) 44 Cal.App.3d 1024, 1026-1028 [119 Cal.Rptr. 98]; see also *Ballard* v. *Municipal Court* (1978) 84 Cal.App.3d 885, 889-892 [149 Cal.Rptr. 82]; see contra *People* v. *Lewis* (1977) 74 Cal.App.3d 633, 639-640 [141 Cal.Rptr. 614].)

---

[2]The Attorney General's reliance by comparison upon *People* v. *Sanchez* (1972) 24 Cal.App.3d 664, 673 [101 Cal.Rptr. 193] (disapproved on other grounds in *People* v. *Martin* (1973) 9 Cal.3d 687, 695, fn. 8 [108 Cal.Rptr. 809, 511 P.2d 1161]), is misplaced. In *People* v. *Sanchez, supra*, at page 670, sufficient advice was given and waiver of the right against self-incrimination occurred when defendant replied in the affirmative to the following question posed by the court: "'And you are going to waive your right to take the stand on your own behalf and explain this offense, although nobody can make you do it?'" The dialogue in the case at bar is distinguishable due to the absence of the final phrase pertaining to the right against *compulsory* self-incrimination.

Admittedly the record is silent as to whether defendant was advised of his rights where he entered his plea in 1971. The minute order and change of plea form do not show compliance with the requirements of *In re Tahl, supra*, 1 Cal.3d 122, 132. A reporter's transcript is not available to shed light on what occurred because in accordance with court policy the reporter's notes were destroyed after the expiration of five years. What the record does indicate is that after defendant was convicted in 1971 he was placed on probation. On April 11, 1974, he was sentenced to prison for violating the terms of his probation. He appealed the judgment on other grounds to this court, which we found to be without merit and affirmed the judgment. (*People v. Davis* (July 31, 1975) 4 Crim No. 6855.) The Supreme Court denied his petition for hearing on September 24, 1975, and the remittitur was issued on September 30, 1975.

Defendant has never challenged the prior on the grounds that he was not advised of or waived his rights. His argument is restricted to the silence of the record. The issues which defendant now attempts to raise could have been presented in his appeal from his prior conviction. "He does not assert, for instance, that his failure to challenge such claimed improprieties was predicated on a lack of knowledge of his constitutional rights at a time when he might have made a timely challenge." (*In re Ronald E.* (1977) 19 Cal.3d 315, 322 [137 Cal.Rptr. 781, 562 P.2d 684].) Just as he could not now resort to habeas corpus relief as a substitute for appeal absent special circumstance constituting excuse for such failure where the claimed error could have been, but was not, raised upon a timely appeal from the judgment of conviction (*id*; *In re Walker* (1974) 10 Cal.3d 764, 773 [112 Cal.Rptr. 177, 518 P.2d 1129]), he may not do so here for lack of due diligence.

### III

Defendant's principal term was five years—the upper term of three years for attempted robbery plus two years for the firearm use (§ 12022.5). The principal term was increased—enhanced—by three years under section 667.5, subdivision (a), for an aggregate term of eight years because the new felony and the prior conviction of robbery with use of a firearm were both violent felonies specified in section 667.5, subdivision (c). (§ 667.5, subd. (a).)[3] The essential preliminary fact starting the process for the three-year enchancement was the deter-

---

[3]Section 667.5 provides in pertinent part: "Enhancement of prison terms for new offenses because of prior prison terms shall be imposed as follows:

"(a) Where one of the new offenses is one of the violent felonies specified in subdivi-

mination that the attempted robbery with use of a firearm was one of the violent felonies specified in section 667.5, subdivision (c). (§ 667.5, subd. (a).)

Defendant's argument focuses on the alleged improper dual use of a section 12022.5 finding. That finding first increases punishment for two years by virtue of its own provisions and then results in additional punishment for three years because it makes *any* crime involving the use of a firearm a violent felony under section 667.5, subdivision (c)(8). Although there is nothing in the statute which expressly excludes dual use of facts in this area, we conclude that in light of interpretation of similar language in section 1170.1, subdivision (a), in *People v. Harvey* (1979) 25 Cal.3d 754, 759 [159 Cal.Rptr. 696, 602 P.2d 396], defendant's argument is correct. His prior robbery conviction is not a violent felony within section 667.5, subdivision (c). The enhancement of his sentence is limited to one year under subdivision (b) of that section.

In *Harvey*, defendant was sentenced for a four-year "upper term" for the robbery; a two-year enhancement for using a firearm during that robbery (§ 12022.5); a one-year consecutive term for a robbery charged in another count (one-third of the middle term [see § 1170.1, subd. (a)]); and an eight-month enhancement for firearm use associated with the second robbery (one-third of the two-year enhancement for firearm use [§ 1170.1, subd. (a)]). (*Id.*, at p. 757.)

Defendant challenged the propriety of the enhancement of count 2 under section 1170.1. He argued that firearm use was not an "offense" which is "listed" in section 667.5, subdivision (c), and that accordingly,

---

sion (c), in addition and consecutive to any other prison terms therefor, the court shall impose a three-year term for each prior separate prison term served by the defendant where the prior was one of the violent felonies specified in subdivision (c); provided that no additional term shall be imposed under this subdivision for any prison term served prior to a period of 10 years in which defendant remained free of both prison custody and the commission of an offense which results in a felony conviction.

". . . . . . . . . . .

"(c) For the purpose of this section, 'violent felony' shall mean any of the following:

". . . . . . . . . . .

"(8) Any other felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7 on or after July 1, 1977, or as specified prior to July 1, 1977, in Sections 213, 264, and 461, or any felony in which the defendant uses a firearm which use has been charged and proved as provided in Section 12022.5.

"The Legislature finds and declares that these specified crimes merit special consideration when imposing a sentence to display society's condemnation for such extraordinary crimes of violence against the person."

the eight-month enhancement for firearm use was improper. The court agreed. It reasoned: "[T]o construe section 1170.1, subdivision (a), as permitting the enhancement of defendant's consecutive offense solely by reason of his commission of a felony involving use of a firearm would result in a troublesome anomaly: As so interpreted, section 1170.1 would permit enhancement for firearm use *in any case involving firearm use*, thereby seeming to render wholly unnecessary the section's specific statutory reference to the various violent felonies described in section 667.5, subdivision (c). The foregoing inconsistency would also extend to enhancements under section 12022.7 (infliction of great bodily injury), for these enhancements are also included within the statutory definition of 'violent felonies' under section 667.5, subdivision (c)(8)." (*People* v. *Harvey, supra*, 25 Cal.3d 754, at pp. 760-761.)

The *Harvey* court described the question of legislative interpretation as being "close and subtle" (*id.*, at p. 761). It went on to say that: "[T]he evident legislative intent underlying section 1170.1, subdivision (a), was to allow enhancement of the consecutive offense only in certain *limited* situations, namely, where the conduct for which such enhancement is sought (e.g., firearm use) occurred in the course of commission of a violent felony (such as murder, mayhem, rape, etc.). We think it is unlikely that the Legislature intended to impose an enhancement for firearm use or great bodily injury in every case involving such factors, given the statutory reference in section 1170.1, subdivision (a), to section 667.5. (See also, § 1170.1, subds. (c) and (f), both of which distinguish between the felonies described in § 667.5, subd. (c), and the enhancements imposed pursuant to §§ 12022, 12022.5, 12022.6, and 12022.7.)

"Thus, properly construed, section 1170.1, subdivision (a), permits enhancement only for those *specific offenses* listed in section 667.5, subdivision (c). Because the offense of robbery with firearm use is not specifically listed in that latter section, we conclude that the trial court erred in imposing an additional eight-month enhancement for that offense in the present case." (*Id.*, at p. 761.)

The determination in *Harvey* that a robbery with use of a firearm is not a violent felony under section 1170.1, subdivision (a) governs our analysis of the section before us—667.5, subdivision (a). Following *Harvey*, it would be equally anomalous to hold an armed robbery is a violent felony *only* where it is alleged as a prior, but not where it is used to increase the subordinate term under section 1170.1, subdivision (a). Implicitly, the *Harvey* court held that the legislative intent of the provi-

sion (§ 1170.1, subd. (a)) prohibited the dual use of a section 12022.5 finding. Presumably, had the Legislature intended to make robbery with use of a firearm a violent felony under section 667.5, subdivision (c), it would have so specified.

We are well aware of the arguments which militate against our conclusion. One such reasonable argument is that the statute's purpose—to punish in proportion to the seriousness of the crime (§ 1170, subd. (a) (1))—is frustrated where section 12022.5 is limited to a single use. The fact that the "Legislature could have expressed itself with greater concision is no justification for refusing to give effect to what it did say." (*People* v. *Harvey, supra*, 25 Cal.3d at p. 762, dis. opn. of Clark, J.) Nevertheless, where here the language of the statute is now reasonably susceptible of two constructions, "...that construction which is more favorable to the offender will be adopted. The defendant is entitled to the benefit of every reasonable doubt, whether it arise out of a question of fact, or as to the true interpretation of words or the construction of language used in a statute. [Citations.]" (*In re Tartar* (1959) 52 Cal.2d 250, 256-257 [339 P.2d 553].) The prior felony for which defendant served a prison term is not a violent felony and properly falls under section 667.5, subdivision (b), adding one year to his principle term for an aggregate term of six years.

## IV

For the guidance of the trial court, we address certain of defendant's remaining contentions.

At sentencing, after a brief discussion of defendant's use of the gun and his failure on probation, the court stated: "So, for the reasons expressed in Page 4 of this probation report prepared for today's hearing, the violence of the act, the absence of any showing that the crime occurred simply on quick impulse or chance, the events surrounding the other charge of robbery occurring five days before the date of this robbery, it is the judgment of the Court that the defendant will be confined in the State Prison for a period of three years with respect to the charge of attempted robbery."

### 1. The Probation Report

■ A trial court commits reversible error in sentencing a defendant to the upper term without stating the facts and reasons for such sen-

tence as mandated by section 1170, subdivision (b), and California Rules of Court, rules 439(c) and 443. Its incorporation of the probation officer's report by reference does not satisfy this requirement. (*People v. Turner* (1978) 87 Cal.App.3d 244, 245-247 [150 Cal.Rptr. 807].) The necessity for strict compliance to what may appear to be an unnecessary adherence to ritual is reflected in this case. Here the probation report included the fact of gun use as an aggravating circumstance for imposing the upper term. The court also enhanced the defendant's sentence by two years for use of a firearm under section 12022.5. Thus, ostensibly the court erred for the fact of gun use may be used only once, either as an aggravating circumstance warranting imposition of the upper term, or as an enhancement, but not for both. (*People v. Roberson* (1978) 81 Cal.App.3d 890, 892 [146 Cal.Rptr. 777]; § 1170, subds. (b), (c); Cal. Rules of Court, rule 441(c).)

## 2. *"Violence of the Act"*

■ Defendant urges the trial court's reliance upon the "violence of the act" (see Cal. Rules of Court, rule 421(a)(1)) referred to his use of a gun and consequently was improperly used twice for both aggravation and enhancement under section 12022.5. (*Ibid.*) His urging is unpersuasive, since the circumstances surrounding the attempted robbery, highlighted by defendant's direct verbal threat of killing Williams, amply justify the trial court's consideration of "violence of the act" as a circumstance in support of aggravation.

## 3. *The Dismissed Count*

In imposing the upper term, the trial court further relied upon the events surrounding a dismissed count of robbery which allegedly occurred five days before the attempted robbery in controversy. Evidence regarding the dismissed count was admitted at the preliminary hearing. ■ Reliance, for the purpose of aggravation, upon a count, not transactionally related to the sentencing charge and dismissed pursuant to a plea bargain, is improper. (*People v. Harvey, supra*, 25 Cal.3d 754, 757-759.) Here, defendant's "slow plea" was a bargain which prevents use of facts contained in the dismissed count.

## 4. *Alleged Failure to Consider Narcotics Addiction as a Circumstance in Mitigation*

We reject defendant's argument the trial court failed to consider his use of drugs as a factor in mitigation under California Rules of Court,

rules 423(a)(4) and 423 (b)(2). Defense counsel argued at sentencing that defendant's "main difficulty" was his heroin addiction. In sentencing, the court stated its reasons for imposing the upper term pursuant to section 1170, subdivisions (b) and (c), and rule 439(c). There is no requirement the court indicate its reasons for rejecting a mitigating factor.

### *Disposition*

The judgment is reversed. The court is directed to reinstate all counts and allegations dismissed and stricken.

Cologne, Acting P. J., and Henderson, J.,* concurred.

A petition for a rehearing was denied March 21, 1980, and respondent's petition for a hearing by the Supreme Court was denied May 8, 1980. Clark, J., Richardson, J., and Manuel, J., were of the opinion that the petition should be granted.

*Assigned by the Chairperson of the Judicial Council.