[Crim. No. 13778. Fourth Dist., Div. One. Feb. 11, 1983.]

THE PEOPLE, Plaintiff and Respondent, v.
LEE ROY CASTELLANO, Defendant and Appellant.

COUNSEL

Quin Denvir, State Public Defender, under appointment by the Court of Appeal, and Paul Bell, Deputy State Public Defender, for Defendant and Appellant.

George Deukmejian, Attorney General, Robert H. Philibosian, Chief Assistant Attorney General, Daniel J. Kremer, Assistant Attorney General, Peter Quon, Jr., and Robert M. Foster, Deputy Attorneys General, for Plaintiff and Respondent.

OPINION

BUTLER, J.—Lee Castellano appeals a judgment of conviction entered after trial without jury of one count of escape (Pen. Code, § 4530, subd. (c)),[1] one count of attempted robbery (§§ 664 and 211), and three counts of assault with a deadly weapon (§ 245, subd. (a)). The court found he had used a firearm in the commission of each offense except the escape (§ 12022.5) and used a firearm in the attempted robbery (§ 1203.06, subd. (a)(1)(iii)). The court further found the charge of eleven prior felony convictions true; two within section 667.5, subdivision (a), and seven within section 667.5, subdivision (b).

The court imposed a sentence of three years for attempted robbery with a two-year enhancement for gun use, an eight-month consecutive term for escape, and three years each for the two prior convictions found to be violent felonies pursuant to section 667.5, subdivision (a), for an aggregate term of eleven years, eight months.

He challenges the court's application of the "beyond a reasonable doubt" standard in finding the gun use allegation true and ordering three-year enhancements pursuant to section 667.5, subdivision (a), claiming a robbery conviction with a firearm is not a violent felony.

Defendant's pro per supplemental brief challenges the sufficiency of the evidence supporting the gun use and the imposition of the upper term contending the circumstances in mitigation outweigh the factors in aggravation. He claims he was coerced into waiving his right to a jury trial and the court erred in denying his motion to dismiss his attorney.

The proper standard of proof was applied. Recent amendments to sentencing statutes compel the section 667.5, subdivision (a), enhancements of his sen-

---

[1] All statutory references are to the Penal Code unless otherwise specified.

tence as ordered. Defendant's other contentions are unsupported by the record.

FACTUAL AND PROCEDURAL BACKGROUND

On July 17, 1981, Castellano approached Captain Kidd's Galley, a fast-food restaurant, around 10 p.m. Four teen-age employees were cleaning up. The shop was closed to customers. As one of the employees unlocked the door to permit remaining customers to leave, defendant asked if they had a pay phone. Although he was told the closest phone was several stores away, he was permitted to enter the restaurant and was given a soft drink.

Once inside Castellano ordered the employees to move together as there was going to be a holdup. Castellano told the manager to get him the money from the safe and told the employees to lie on the floor. The four employees and the manager testified the defendant had a gun in his hand and pointed it at them. Castellano testified he simulated a gun.

Claude Duncan, an officer with the Chula Vista Police Department and father of Sylvia Duncan, one of the four employees, came by the restaurant to see if his daughter had a ride home. Duncan entered the restaurant. He was surprised not to see anyone inside. He called out, and Castellano told Sylvia Duncan to get rid of the visitor. Sylvia alerted her father to the robbery. Officer Duncan and his partner Arendt subdued defendant and frisked him. The officers found a knife in his back pocket but failed to check his boots. Castellano was placed in Officer Arendt's patrol car.

After manager Johnson told the police Castellano had used a gun, the police searched the restaurant and Castellano again, this time removing his boots. No gun was found until the police removed the rear seat of the patrol unit in which defendant had been placed. A gun and ski mask were found under the front seat. This gun was identified by the employees and the manager as the same or similar to the one used in the attempted robbery. The police car had been searched before the start of shift that day and was empty. Officer Arendt left the car seven times during his shift. Castellano demonstrated during the trial that if he had tried to fit the gun into his boots, half the handle portion and the cocking mechanism of the gun would be visible. Castellano testified he could not slip out of the handcuffs or reach his boots while handcuffed.

I

THE TRIAL JUDGE CORRECTLY FOUND THE GUN USE BEYOND A REASONABLE DOUBT

■ Castellano contends the trial judge misapplied the standard of proof requiring proof of use of a gun beyond a reasonable doubt. Evidence Code section 664 provides "[i]t is presumed that official duty has been regularly performed." This rule encompasses a presumption the trial court applied the proper burden of proof. (*Ross* v. *Superior Court* (1977) 19 Cal.3d 899 [141 Cal.Rptr. 133, 569 P.2d 727].)

The court commented there was a reasonable doubt as to how the gun got into the police car without being detected in the earlier searches. Castellano takes the court's remarks out of context.

Defendant fails to rebut the presumption the proper standard of proof was applied. A review of the transcript reveals a correct application of the standard of proof. "I would like to indicate for the record that there's an instruction that I would give to the jury which states that a defendant is presumed innocent until found guilty beyond a reasonable doubt. The reasonable doubt is a reasonable doubt. If it were merely that there was a gun found in the police car after the robbery after the defendant had been searched, I would certainly say there is a reasonable doubt, but there is no reasonable doubt when four young people come into court and indicate how scared they were. They couldn't describe it, but they saw the brown handle and dark color, and none of them know the defendant. There was no animosity, and it's persuasive evidence to this Court. How the gun got into the car, I don't know. We've looked at the boots, and I don't know. It's not impossible to shove that down into the ankle. We did not want to apply pressure on the defendant—certainly didn't want to have any brutality in the courtroom, but I think that there is—and Officer Duncan testified he found the knife, and in his opinion they found the weapon, so he didn't think further about a weapon. He patted him down to about the knees. Be that as it may, there are four young people that saw a gun. Mr. Johnson saw a gun, and there, lo and behold, after they decide there surely was a gun, and we better find it, there it is, and I find the defendant guilty of the use allegation within the meaning of 12022.5 which indicates that it is therefore enhanceable."

Castellano contends the court relied on unreliable testimony in finding he used a gun. He argues the young people's fright detracted from their ability to observe. It is the exclusive province of the trial judge to determine the credibility of a witness. (*People* v. *Jones* (1968) 268 Cal.App.2d 161 [73 Cal.Rptr. 727].) To reject prosecution testimony a defendant must show it is inherently improbable on its face. (*People* v. *Mayberry* (1975) 15 Cal.3d 143 [125 Cal. Rptr. 745, 542 P.2d 1337].) No such showing was made here.

II

## A Prior Felony Conviction With a Firearm Use (§ 667.5, Subd. (c)(8)) Is a Violent Felony Within the Meaning of Section 667.5, Subdivision (a), and a Three-year Sentence Enhancement Was Properly Imposed

■ Castellano next contends the court erred in imposing three-year enhancements for each of his prior felony convictions within section 667.5, subdivision (a). Where the new offense and a prior offense are violent felonies within the meaning of section 667.5, subdivision (c), the principal term shall be enhanced by three years (§ 667.5, subd. (a)). If the new offense and prior offense are any felony not set out at section 667.5, subdivision (c), the principal term shall be enhanced by only one year (§ 667.5, subd. (b)).

The challenged prior convictions are two armed robberies, one in 1971, and the other in 1974. As armed robbery is not specifically listed within section 667.5, subdivision (c)(1)-(7), Castellano contends they are not violent felonies. The issue is not new to this court. (*People* v. *Davis* (1980) 103 Cal.App.3d 270 [163 Cal.Rptr. 22].)

There we held an armed robbery was not a violent felony specified in section 667.5, subdivision (c). We so construed that section in light of interpretation of similar language in section 1170.1, subdivision (a), in *People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]. We now construe it differently. Recent legislative amendments to section 1170.1, subdivision (a), now define any felony with a firearm use as charged and proved within the meaning of section 12022.5 as a violent felony. We are thus compelled to conclude the enhancements were properly imposed.

After the *Harvey/Davis* decisions the Legislature enacted Assembly Bill No. 2123 (Stats. 1980, ch. 132, signed into law as an emergency statute which became effective May 29, 1980). The Legislature amended section 1170.1, subdivision (a), in apparent response to the *Harvey* decision to clarify and reemphasize what had been the legislative intent since July 1, 1977. (*People* v. *Hernandez* (1981) 30 Cal.3d 462 [179 Cal.Rptr. 239, 637 P.2d 706].) Section 1170.1, subdivision (a), now provides: "In no case shall the total of subordinate terms for such consecutive offenses which are not 'violent felonies' as defined in subdivision (c) of Section 667.5 exceed five years. The subordinate term for each consecutive offense *which is a 'violent felony' as defined in subdivision (c) of Section 667.5, including those offenses described in paragraph (8) of subdivision (c) of Section 667.5,* shall consist of one-third of the middle term of imprisonment prescribed for each other such felony conviction for which a consecutive term of imprisonment is imposed, and shall include one-third of any enhancements imposed pursuant to Section 12022, 12022.5, or 12022.7." (Italics added.)

The amendment explicitly incorporates paragraph (8) of subdivision (c) of section 667.5 to be within the meaning of a violent felony. At the time *Davis* was decided the language of the statute was "reasonably susceptible to two constructions." (*Id.*, 103 Cal.App.3d at p. 279.) The language of the statute is now unambiguous and subject to but one interpretation. "[T]he legislative intent to punish more severely those crimes in which a firearm is used or great bodily injury inflicted is clear." (*People* v. *Hernandez, supra,* 30 Cal.3d at p. 468.) We are no longer bound by our previous decision. (*Auto Equity Sales, Inc.* v. *Superior Court* (1962) 57 Cal.2d 450 [20 Cal.Rptr. 321, 369 P.2d 937].)

We hold any felony in which a gun use is charged and proved (§ 12022.5) as defined in paragraph (8) of subdivision (c) of section 667.5 is a violent felony within the meaning of section 667.5, subdivision (c). Three-year sentence enhancements are properly imposed for such prior convictions (§ 667.5, subd. (a)). (Cf. *In re Hall* (1982) 132 Cal.App.3d 525 [183 Cal.Rptr. 560]; *People* v. *Flowers* (1982) 132 Cal.App.3d 584 [183 Cal.Rptr. 276].)

## III

### The Court Did Not Abuse Its Discretion in Imposing the Upper Term

The trial judge imposed the upper term for the attempted robbery finding factors in aggravation outweighed circumstances in mitigation. Defendant challenges the imposition of the upper term asserting the trial court incorrectly weighed the circumstances.

■ To support his contentions defendant argues he did not premeditate or plan the robbery and he showed concern for his previous victims.

The court considered these factors and found they were substantially outweighed by factors in aggravation. The trial court expressly found: (1) no evidence that defendant exercised caution to avoid harm (Cal. Rules of Court, rule 423(a)(6)); (2) he was not motivated by a desire to provide necessities for his family (rule 423(a)(8)); (3) no evidence incarceration would adversely affect his family (rule 423(a)(8)); (4) nor was he remorseful (rule 423(b)(3)). The probation report supported the court in finding no circumstances in mitigation.

The court found (1) the crime involved threat of great bodily harm (Cal. Rules of Court, rule 421(a)(1)); (2) there were multiple victims (rule 421(a)(4)); (3) there was evidence of sophistication as defendant waited for the customers to leave and hid the weapon from initial detection (rule 421(a)(8)); (4) the priors were numerous and increasingly serious (rule 421(b)(2)); and (5) defendant's previous performance on probation was unsatisfactory (rule 421(b)(5)).

These circumstances persuade us the reasons to impose the upper term are valid. "Relevant criteria enumerated in these [sentencing] rules shall be considered by the sentencing judge and shall be deemed to have been considered unless the record affirmatively reflects otherwise." (Cal. Rules of Court, rule 409.) The record expressly reveals all relevant factors were weighed and considered. A single factor in aggravation is a sufficient basis for a sentencing choice. (*People* v. *Burney* (1981) 115 Cal.App.3d 497 [171 Cal.Rptr. 329].) The court did not abuse its discretion.

## IV

Finally, defendant contends his counsel was incompetent and he was coerced into waiving jury trial. There is nothing in the record to support these contentions and they are without merit.

Judgment affirmed.

Brown (Gerald), P. J., and Work, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied April 27, 1983.