Filed 5/11/23  P. v. Knight CA3

# NOT TO BE PUBLISHED

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C096334 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF01479) |
| v. | |
| KEEGAN SHEA KNIGHT, | |
| Defendant and Appellant. | |

Defendant Keegan Shea Knight argues the trial court erroneously imposed the upper term on his conviction for possession of a controlled substance for sale. Determining that defendant has forfeited this contention, we affirm.

1

## FACTUAL AND PROCEDURAL BACKGROUND

In March 2021, defendant was charged with felony possession for sale of a controlled substance (Health & Saf. Code, § 11378; count 1) and misdemeanor unlawful possession of a controlled substance (*id.*, § 11350, subd. (a); count 2).

In February 2022, defendant pleaded no contest to count 1. The remaining allegations were dismissed with a *Harvey* waiver.[1] During the plea, defendant stipulated, through his counsel, that the court could take the factual basis for the plea from the probation report.

In the probation report, defendant stated that he had "been in trouble with the law throughout [his] life," including vandalism, possession of firearms, assault, possession of drugs, and theft. He also noted he had been sent to prison in 2018 for a six-year term for possession for sale, although he had been released in two years. The report further noted defendant had told a police officer at the time of the instant crimes that he was on postrelease community supervision (PRCS). In addition, the report included a "Criminal Record Summary" listing defendant's multiple convictions and prison sentences and release on PRCS in 2020. The report noted that the probation department had derived defendant's prior criminal record from the official records of the Department of Justice, the Federal Bureau of Investigation, the California Law Enforcement Telecommunications System, and the records of Butte County Superior Court.

During the May 2022 sentencing hearing, the court indicated it intended to impose the upper term of three years in the instant case, plus eight months in Mendocino County Superior Court case No. 21CR00472 (case No. 472) involving a conviction under Health and Safety Code section 11378. Defense counsel responded that the midterm of two years was the appropriate term. He noted that defendant had prior convictions from

---

[1] *People v. Harvey* (1979) 25 Cal.3d 754.

2

Mendocino County, and defendant had served prison terms. Still, those convictions were all drug-related, and the trial court had only imposed the midterm in case No. 472.

The trial court sentenced defendant to county prison for the upper term of three years plus eight months (or one-third the midterm) consecutive in case No. 472. The court explained why it imposed the upper term: "[Defendant] did not stipulate to the existence of aggravating factors, nor did a jury find those factors to be true. And although [Penal Code section 1170, subdivision (b)] presumes that the Court should impose a midterm, in reviewing the Rules of Court, the Court, nonetheless, finds that aggravating circumstances outweigh the mitigating circumstances. Specifically, his prior convictions are numerous, he has served prior prison terms, he was on PRCS for the exact same crime that brings him before the Court at this time. Because of those factors in aggravation, the Court is going to impose an upper term." Defendant did not object.

**DISCUSSION**

**I**

1.    Legal background

Prior to January 1, 2022, Penal Code section 1170, subdivision (b)[2] stated: "When a judgment of imprisonment is to be imposed and the statute specifies three possible terms, the choice of the appropriate term shall rest within the sound discretion of the court." (Stats. 2020, ch. 29, § 14.) However, the Legislature amended section 1170 via Senate Bill No. 567 (2021-2022 Reg. Sess.) to now require a trial court, in its sound discretion, to impose the lower or middle term, unless there are "circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or

_____

[2]      Undesignated statutory references are to the Penal Code.

3

by the judge in a court trial." (§ 1170, subd. (b)(2).) "[T]he court may consider the defendant's prior convictions in determining sentencing based on a certified record of conviction without submitting the prior convictions to a jury." (§ 1170, subd. (b)(3).)

2. Analysis

Defendant asserts that recent amendments to section 1170 require that the facts that the trial court used to aggravate his sentence (namely his prior convictions, prior prison terms, and fact that he was on PRCS for the same crimes) had to be proven to the jury unless he stipulated to them.

Defendant was sentenced in May 2022, after the amendments to section 1170 came into effect. Defense counsel, the prosecutor, and the trial court were aware of these amendments during the sentencing hearing, as indicated by the trial court's comment that section 1170, subdivision (b) made the presumptive term to be the midterm, unless there were aggravating circumstances such as defendant's criminal history. Defense counsel even acknowledged that the new law permitted a trial court to impose an upper term sentence based on a defendant's prior criminal record, and defendant here had prior convictions and prior prison terms. In failing to object in the trial court to the adequacy of the evidence of defendant's criminal history, defendant has forfeited the issue on appeal. (See *People v. Garcia* (2010) 185 Cal.App.4th 1203, 1218 [" '[c]laims of error relating to sentences "which, though otherwise permitted by law, were imposed in a procedurally or factually flawed manner" are waived on appeal if not first raised in the trial court' " (italics omitted)].)

4

## DISPOSITION

The judgment is affirmed.

/s/
EARL, J.

We concur:

/s/
ROBIE, Acting P. J.

/s/
MCADAM, J.[*]

---

[*]     Judge of the Yolo County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.