[No. A054666. First Dist., Div. Three. June 22, 1992.]

THE PEOPLE, Plaintiff and Respondent, v.
DOMICIANO RAMIREZ BUSTAMANTE, Defendant and Appellant.

## COUNSEL

Marylou Hillberg, under appointment by the Court of Appeal, for Defendant and Appellant.

Daniel E. Lungren, Attorney General, George Williamson, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Mark S. Howell and Matthew P. Boyle, Deputy Attorneys General, for Plaintiff and Respondent.

## OPINION

**WHITE, P. J.**—Domiciano Ramirez Bustamante appeals after he pled guilty to one count of lewd and lascivious conduct with a child (Pen. Code, § 288, subd. (a))[1] and the court sentenced him to the midterm of six years in prison. Appellant contends the trial court improperly considered two other alleged incidents of child molestation when it imposed sentence. We affirm.

### FACTS

The Mendocino County District Attorney charged appellant by criminal complaint in count one with penetrating the anus of a child with a foreign

---

[1]Unless otherwise indicated, all further statutory references are to the Penal Code.

object (to wit, a finger) with respect to Victor T. on or about March 1991, and in count two with lewd and lascivious conduct with a child with respect to Maria T. (Victor T.'s sister) on or about May 12, 1991. The complaint also alleged a special allegation of substantial sexual conduct (§ 1203.066, subd. (a)(8)) and a special allegation that appellant took advantage of a position of special trust with the victims (§ 1203.066, subd. (a)(9)).

Pursuant to a plea bargain, appellant pled guilty to count two (the § 288, subd. (a) charge as to Maria T.) and the prosecutor agreed to dismiss count one and the special allegations. Defense counsel specifically stated there would be no *Harvey* waiver (*People* v. *Harvey* (1979) 25 Cal.3d 754 [159 Cal.Rptr. 696, 602 P.2d 396]) with respect to count one.

According to the eight-year-old victim, appellant's niece Maria T., appellant locked the bedroom door and pushed "his thing" into her vaginal area. Appellant did not achieve penetration. Appellant claimed the victim enticed him by grabbing his penis and taking off her clothes.

The initial probation report recommended that imposition of sentence be suspended and that the defendant be committed for a diagnostic evaluation pursuant to section 1203.03. However, at the time the probation officer wrote this report he had not received a psychological evaluation which was being prepared pursuant to section 288.1 by Dr. Richard L. Drury. Dr. Drury's report stated that although appellant did not have any specific psychiatric disorder which would preclude probation, appellant was "extremely lacking in remorse and . . . seemed to have a rather immature attitude toward his offense. [Appellant] implied that it was the girl who initiated the sex contact and that it was largely her fault. The [appellant's] attitude toward his offense is one of massive denial and a tendency to project blame on the victim. *Furthermore, he implied . . . that there was only one victim, when the police reports seem to indicate that there may have been three victims.* [¶] Due to [appellant's] apparent lack [of] remorse and his inability to meaningfully accept responsibility for his actions," Dr. Drury recommended that the court deny probation. (Italics supplied.)

After the probation officer received Dr. Drury's evaluation, he prepared a supplemental report which recommended that appellant be sentenced to state prison for the mitigated term of three years. The probation officer noted that Dr. Drury concluded appellant had a tendency to deny the offense and to project blame on the victim. Moreover, "[appellant] stated to Dr. Drury that there was only [one] victim, when the police reports seem to indicate there may have been three victims, as well as the report from Adelaida Ramos, M.S.W., L.C.S.W. (letter attached)."

At the sentencing hearing, the trial court also considered two letters, one from the victim's mother, and one from a psychotherapist (Adelaida Ramos) who was treating the victim. Both letters indicated that appellant had molested not only the victim, but her two young siblings as well.

At the end of defense counsel's sentencing argument, counsel specifically reminded the court that count 1 had been dismissed without a *Harvey* waiver. The court responded: "I understand that." Thereafter, the court listed the aggravating and mitigating factors. The court noted that the victim of the crime was particularly vulnerable (Cal. Rules of Court, rule 421(a)(3)),[2] and that appellant laid blame on the victim, thus showing a lack of remorse and understanding of the crime. On the other hand, the court noted appellant had no prior criminal record (rule 423(b)(1)), that he may have been under the influence of alcohol at the time of the crime (rule 423(b)(2)), that he had a favorable employment history, and that he admitted wrongdoing at an early stage (rule 423(b)(3)). The court did *not* mention the fact that appellant may have molested Maria T.'s siblings. The court then stated: "Considering all of these things, and in particular the matters that I have alluded to that I've read, the professional reports as well, I conclude that there's not a likelihood that the defendant will succeed upon a grant of probation, and the application for probation is denied." The court then sentenced appellant to the midterm of six years in prison.

## DISCUSSION

Appellant contends he was denied due process because the medical report and supplemental probation report contained unsubstantiated allegations that he had molested Maria T.'s two siblings. █ He also contends that the court improperly considered allegations that he had molested Victor T. (Maria's brother) as charged in count 1, thus violating the rule of *People* v. *Harvey, supra*.

First, the rule enunciated in *People* v. *Harvey* does not apply to a case where the defendant's mental condition is evaluated under section 288.1. *Harvey* held that in imposing sentence a court may not consider the facts underlying counts dismissed pursuant to a plea bargain, *unless* the defendant expressly agrees to the contrary. (*People* v. *Harvey, supra*, 25 Cal.3d at pp. 758-759.) The *Harvey* rule is based on the reasonable expectations of the parties that the facts underlying the dismissed counts will not be considered against the defendant. (*People* v. *Franco* (1986) 181 Cal.App.3d 342, 349-350 [226 Cal.Rptr. 280], review den.) However, "a defendant who pleads guilty to violating section 288 can have no such reasonable expectation

---

[2]All further rule references are to the California Rules of Court.

about dismissed counts when his plea is viewed in the context of a statute (§ 288.1) requiring a report on his current mental condition as it bears on his suitability for probation." (*Franco*, at p. 350, fn. omitted.) *Harvey* does not apply in this case because "in denying or granting probation in a section 288 case, one of the primary concerns is the defendant's mental condition. To limit the expert preparing the psychiatric report to the specific facts of the particular offense(s) would hamper both the expert and the sentencing court." (*Franco, supra*, at p. 350.) Instead, the psychiatrist and sentencing court "must consider the totality of a defendant's behavior and course of conduct of which the particular offense[ ] logically is a part." (*Ibid.*) Thus, there was no (and could be no) violation of *Harvey* in this case.

■ Nevertheless, appellant contends the court could not consider the allegations that he had molested Maria's two siblings because those allegations were unsubstantiated. Although an applicant for probation is not entitled to the same procedural safeguards and evidentiary rules which apply in a trial on the issue of guilt, "[t]here must be some substantial basis for believing the information contained in the probation report is accurate and reliable . . . ." (*People* v. *Calloway* (1974) 37 Cal.App.3d 905, 908 [112 Cal.Rptr. 745], citing *People* v. *Peterson* (1973) 9 Cal.3d 717, 726-727 [108 Cal.Rptr. 835, 511 P.2d 1187].)[3] We believe there was such a "substantial basis" in this case. In his supplemental probation report, the probation officer specifically cited an attached letter from the children's therapist to support an allegation that "there may have been three victims." The letter from the therapist states that, according to Maria T. and her two siblings, they were "repeatedly sexually abused by [appellant] in their home where they reside with their mother." The letter then goes on to describe the "post-abuse" symptoms that each child suffers. In our view, this letter—which repeated firsthand allegations from the victims—provided a "substantial basis" for the allegations in the supplemental probation report. (See *People* v. *Tobia* (1979) 98 Cal.App.3d 157, 165 [159 Cal.Rptr. 376].)

Moreover, even assuming there was no "substantial basis" for the allegations that appellant had abused the two other children, we would still affirm the sentence. There is no indication the trial court relied on this information in imposing sentence. To the contrary, the court acknowledged that it was bound by *Harvey not* to consider count one (the molestation of Victor T.) and, in passing sentence, the court did *not* mention the fact that appellant

---

[3]Although appellant is not challenging the scope of the evidence offered, but rather its reliability, we note that "[t]he scope of information a sentencing court may consider is very broad, and includes the circumstances surrounding the crime and facts relating to the defendant which are not directly connected to commission of the crime for which he is being sentenced." (*People* v. *Stanley* (1984) 161 Cal.App.3d 144, 150 [207 Cal.Rptr. 258].)

may have molested Maria's siblings. (See *People* v. *Tobia, supra,* 98 Cal.App.3d at p. 165; *People* v. *Calloway, supra,* 37 Cal.App.3d at p. 909.) There is no reason to believe that the trial court, in referring to "the matters . . . I've read [including] the professional reports," was referring to the allegations to which appellant objects. (*Tobia, supra,* at p. 165.)

The judgment is affirmed.

Merrill, J., and Werdegar, J., concurred.