Filed 5/19/14  P. v. Cervantes CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>    v.<br><br>ANDREW CERVANTES,<br><br>    Defendant and Appellant. | C074845<br><br>(Super. Ct. No. 13F03051) |

On May 8, 2013, defendant Andrew Cervantes and the victim, his girlfriend, argued over a prank she had played on defendant.  He threatened to beat her and hit her in the arm and face, using an open hand six to ten times and a closed fist three times.  As a result, she suffered a bloody nose, a swollen eye, and an extreme headache for two days.

Defendant pled no contest to assault by means of force likely to produce great bodily injury, reduced to a misdemeanor pursuant to Penal Code section 17, subdivision (b), in exchange for dismissal of other counts:  criminal threats and battery

1

upon a person with whom defendant had a dating relationship, a misdemeanor, with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 as to battery.

The court granted probation subject to certain terms and conditions including 90 days in jail and participation in a batterer's treatment program.

Defendant appeals.

We appointed counsel to represent defendant on appeal. Counsel filed an opening brief that sets forth the facts of the case and requests this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende* (1979) 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing of the opening brief. More than 30 days elapsed, and we received no communication from defendant. Having undertaken an examination of the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

DISPOSITION

The judgment is affirmed.


                                                             ROBIE            , J.



We concur:



        HULL            , Acting P. J.



        BUTZ            , J.



2