Filed 9/28/15  P. v. Vergason CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE, | C078272 |
| Plaintiff and Respondent, | (Super. Ct. Nos. 14F1757, 13F2575) |
| v. | |
| RICHARD WILLIAM VERGASON, | |
| Defendant and Appellant. | |

Defendant Richard William Vergason contends his felony conviction for transportation of hydrocodone must be reversed because it was not proved that he transported the drug for sale.  The People agree, and so do we.  We shall reverse and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

*The 2013 Case*

In April 2013, a complaint charged defendant with 12 counts, including transportation of hydrocodone and possession of stolen property.  Defendant thereafter

1

pled no contest to those two counts in return for a promised grant of probation with a maximum of 365 days in county jail at the outset. The balance of the counts were dismissed by the People in the interests of justice, except for a charge of possession of stolen property, as to which defendant entered a *Harvey*[1] waiver.

In September 2013, the trial court placed defendant on probation for three years, including 120 days in county jail with credit for eight days of time served.

*The 2014 Case*

In April 2014, defendant was charged with eight counts, including three counts of possession of a firearm by a convicted felon, and alleged defendant had been convicted of a prior narcotics-related felony.

Thereafter, the probation officer filed a petition to revoke defendant's probation in the 2013 case, alleging four violations.

In May 2014, defendant waived preliminary hearing subject to being able to plead guilty to two counts of possession of a firearm by a felon and to admitting violation of probation, in return for a promise of a suspended five-year state prison term.

In September 2014, defendant pled guilty to possession of a firearm by a felon and admitted the first alleged probation violation (possession of a firearm by a felon) in return for a four-year four-month state prison lid. On motion of the People, the balance of the charges and alleged probation violations were dismissed with a *Harvey* waiver.

In December 2014, the trial court granted defendant's petition to reduce a count of receiving stolen property in the 2013 case to a misdemeanor. The court terminated defendant's probation in that case and sentenced him to three years in state prison (the low term) for transportation of hydrocodone.

---

[1]     *People v. Harvey* (1979) 25 Cal.3d 754 (*Harvey*).

In the 2014 case, the trial court denied defendant's application for probation and sentenced defendant to eight months (one-third the middle term) consecutive to the sentence in the 2013 case.

The trial court awarded defendant 120 days of presentence custody credits (60 actual days and 60 conduct days). The court imposed the following fines and fees: as to the 2013 case (a $1,120 restitution fine, a $1,120 suspended parole revocation restitution fine, and a $1,120 restitution fine due on revocation of probation); as to the 2014 case: (a $300 restitution fine and a $300 suspended parole revocation restitution fine, a $40 court security fee, and a $30 criminal conviction assessment).

In the 2013 case, a California Highway Patrol officer stopped defendant's vehicle on April 23, 2013, for observed Vehicle Code violations; after determining that defendant was driving on a suspended license and the vehicle had been reported stolen, the officer searched the vehicle for contraband and found items including prescription pills and unlabeled prescription bottles. In the 2014 case, during a probation search, defendant was found to be in possession of two handguns and one bolt action rifle.

## DISCUSSION

Defendant contends his felony conviction for transportation of hydrocodone in the 2013 case must be reversed because the Legislature subsequently amended the controlling statute (Health & Saf. Code, § 11352, subd. (a)) to make intent to sell an element of the offense, and that element was not charged or admitted in his case. (See *In re Estrada* (1965) 63 Cal.2d 740, 745.) The People agree, as do we. We reverse defendant's conviction on that count (count 3) and remand the matter for resentencing.

## DISPOSITION

Defendant's conviction for transportation of hydrocodone is reversed and the matter is remanded to the trial court for further proceedings consistent with this opinion.

3

                                    ROBIE            , J.



We concur:



          BLEASE          , Acting P. J.



          BUTZ            , J.