Filed 1/22/16  P. v. Dew CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(El Dorado)

----

| | |
|---|---|
| THE PEOPLE, | |
| Plaintiff and Respondent, | C078372 |
| v. | (Super. Ct. Nos. P13CRF0315, P13CRF0390, P13CRF0450, P14CRF0285) |
| CLINTON CARL DEW, | |
| Defendant and Appellant. | |

Pursuant to separate plea bargains, defendant Clinton Carl Dew pleaded guilty or no contest to various charges in three separate criminal cases between July 2011 and October 2013.  In each case the trial court granted probation.  Defendant subsequently pleaded no contest in a fourth separate criminal case and also admitted violating probation in the three prior cases.  The trial court denied defendant's request for a "split sentence" -- a period of confinement followed by a period of mandatory supervision (Pen. Code, § 1170, subd. (h)(5))[1] -- and sentenced him to a total of eight years four months in county jail.

Defendant now contends the trial court abused its discretion in denying defendant's request for a split sentence.  Disagreeing, we will affirm the judgment.

---

[1]  Undesignated statutory references are to the Penal Code.

BACKGROUND

In case No. P13CRF0315, defendant pleaded no contest to sale of a controlled substance (Health & Saf. Code, § 11352, subd. (a)) and possession for sale of a controlled substance (Health & Saf. Code, § 11351). The trial court suspended imposition of sentence and placed defendant on probation for 36 months with various terms and conditions, including 180 days in jail.

In a separate case, No. P13CRF0450, defendant pleaded no contest to receiving stolen property (§ 496, subd. (a)). The remaining charges -- theft from an elder or dependent adult (§ 368, subd. (d)) and grand theft of personal property (§ 487, subd. (a)) -- were dismissed with a *Harvey* waiver. (*People v. Harvey* (1979) 25 Cal.3d 754.) The trial court suspended imposition of sentence and placed defendant on probation for 36 months with various terms and conditions, including 180 days in jail. Defendant waived his right to appeal.

In case No. P13CRF0390, defendant pleaded no contest to possession of a controlled substance (Health & Saf. Code, § 11377, subd. (a)) and a count was dismissed alleging possession of drug paraphernalia (Health & Saf. Code, § 11364.1, subd. (a)). The trial court suspended imposition of sentence and placed defendant on probation for 36 months with various terms and conditions, including that he complete Proposition 36 drug treatment.

Defendant successfully completed a voluntary electronic monitoring program, but he otherwise repeatedly violated probation in all three cases. Defendant did not report to jail, did not obey all laws, and did not comply with the terms of his Proposition 36 probation drug program. He provided a diluted urine sample, did not abstain from drugs, and failed to report to the probation officer or submit to testing.

In addition, two hearings were missed because defendant made bomb threats against the courthouse. And acting on defendant's direction, his girlfriend made another bomb threat.

2

In case No. P14CRF0285, the People charged defendant with three counts of malicious informing of a false bomb.  (§ 148.1, subd. (c).)  The complaint also alleged violations of probation in case Nos. P13CRF0315, P13CRF0390, and P13CRF0450.  Defendant pleaded no contest to all three counts and admitted the probation violations.  (§ 148.1, subd. (c).)  The trial court denied defendant's request to impose a split sentence under section 1170, subdivision (h), and sentenced defendant to eight years four months in county jail as follows:  four years (the middle term) plus one year (one-third the midterm) to be served consecutively in case No. P13CRF0315; eight months (one-third the midterm) in case No. P13CRF0450; eight months (the upper term) in case No. P13CRF0390; and three consecutive eight-month terms (one-third the midterm) in case No. P14CRF0285.

## DISCUSSION

Defendant contends the trial court abused its discretion in denying defendant's request for a split sentence.  We disagree.

At all times relevant, section 1170, subdivision (h)(5) provided that, under the circumstances of this case, a trial court shall impose a split sentence unless the trial court finds, in the interests of justice, that a split sentence is not appropriate.  (§ 1170, subd. (h)(5).)

"What the interests of justice require in a particular case constitutes a question uniquely addressed to the broad judicial discretion of the trial court."  (*People v. Stuckey* (2009) 175 Cal.App.4th 898, 916; see *People v. Welch* (1993) 5 Cal.4th 228, 233 [a "sentencing court has broad discretion to determine whether an eligible defendant is suitable for probation"].)  Abuse of discretion only occurs when the trial court's determination is "arbitrary or capricious" or exceeds the bounds of reason.  (*Welch, supra*, 5 Cal.4th at p. 234.)

Here, the trial court did not abuse its discretion in ruling that a split sentence was not appropriate.  The record shows that defendant repeatedly violated probation.  He did

not report to jail, did not obey laws, did not comply with the terms of his drug program, diluted a urine sample, did not abstain from drugs, failed to report to his probation officer, and failed to submit to testing. Perhaps most significantly, he made bomb threats against the courthouse and directed his girlfriend to do the same.

At sentencing, the trial court described defendant's performance on probation as "horrendous" and observed defendant had been given probation multiple times but "utterly failed it." In addition, defendant showed "a pattern of regular increasingly serious criminal conduct." The trial court also noted the probation officer's recommendation against a split sentence and agreed "[defendant] would remain a danger to the public and represent a level of risk based upon his history and his . . . unamenability toward community supervision and rehabilitation."

On this record, the trial court's decision not to grant defendant a split sentence was not arbitrary or capricious.

DISPOSITION

The judgment is affirmed.


/S/
Mauro, J.

We concur:


/S/
Nicholson, Acting P. J.


/S/
Butz, J.

4