Filed 8/10/21  P. v. Cameron CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Placer)

----

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>PAUL ROSS CAMERON,<br><br>Defendant and Appellant. | C091788<br><br>(Super. Ct. Nos.<br>62-149207, 62-168786,<br>62-169051) |

Defendant Paul Ross Cameron pleaded no contest to making criminal threats, misdemeanor stalking, and misdemeanor firearm offenses.  The trial court placed defendant on three years' formal probation and ordered him to pay various fines and fees.  Relying on *People v. Dueñas* (2019) 30 Cal.App.5th 1157, defendant argues on appeal that the trial court's imposition of certain fines and fees without a determination of his ability to pay them violates the Eighth Amendment and equal protection.  We disagree and affirm the trial court's judgment.

1

BACKGROUND

The underlying facts of this case are not relevant to this appeal.

The People charged defendant with numerous criminal offenses in four separate cases: case No. 62-149207 (case No. 207), case No. 62-156427 (case No. 427), case No. 62-168786 (case No. 786), and case No. 62-169051 (case No. 051).[1]

In a global resolution of those cases, defendant pleaded no contest to making criminal threats and misdemeanor stalking in consolidated case No. 207, and to misdemeanor firearm activity in violation of a restraining order in case No. 786. In exchange for defendant's plea, the People moved to dismiss the remaining charges and case No. 051 with a *Harvey*[2] waiver; the court granted the People's motion.

At sentencing, the trial court suspended imposition of sentence, placed defendant on three years' formal probation, and ordered him to serve time in county jail. Defense counsel asked for a hearing on the issue of direct victim restitution and the trial court set that hearing.

The trial court then struck "the base fines" and asked defense counsel if he wished to be heard on the imposition of fines and fees. Counsel responded in the affirmative: "[A]lthough [defendant] has private counsel, it was a situation where he and his wife refinanced their home. They are of limited means. He is disabled, quasi-retired or disabled. His wife is working roughly 35 hours per week, only just enough for them to get by. At this time we would be asking that any other fines and fees within the Court's jurisdiction would be reduced or eliminated."

After hearing from counsel, the court ordered defendant to pay restitution fines as follows: "150 on the misdemeanor, 300 on the felony. Those are minimums. The

---

[1]    Case Nos. 207 and 427 were consolidated under case No. 207.

[2]    *People v. Harvey* (1979) 25 Cal.3d 754.

2

probation revocation fines are set in the same amount for each file. They are stayed pending successful completion of probation. The court operations fee $40 per count.

"In the misdemeanor case ending 789 [*sic*], there is only one $40 count, $40 amount. In the other felony case is $80 for the two counts. On that same reasoning on criminal assessment, $30 and $60. The Court will reduce the probation supervision fee to $360. The booking fee waived; the incarceration fee waived." At a subsequent hearing, the court ordered defendant to pay $38,019.60 in direct victim restitution.

On August 23, 2020, defendant asked the trial court to stay all the fines and fees imposed except probation supervision and direct victim restitution, pending an ability to pay hearing. The trial court denied his request.

DISCUSSION

Defendant argues that under *Dueñas*, the aggregate $120 in court operations assessments (Pen. Code, § 1465.8),[3] and $90 in criminal conviction assessments (Gov. Code, § 70373) must be stayed pending an ability to pay hearing. He further contends that imposition of the restitution fines (§ 1202.4) violated the Eighth Amendment and equal protection principles.

Defendant's appeal relies on the analysis in *Dueñas*, finding an ability to pay hearing is required before imposing fines and fees, but we are not persuaded that this analysis is correct. Our Supreme Court will resolve this issue, having granted review in *People v. Kopp* (2019) 38 Cal.App.5th 47, review granted November 13, 2019, S257844, which agreed with the court's conclusion in *Dueñas* that due process requires the trial court to conduct an ability to pay hearing and ascertain a defendant's ability to pay before it imposes court operations and court facilities assessments under section 1465.8 and

---

**3** Undesignated statutory references are to the Penal Code.

3

Government Code section 70373, but not restitution fines under section 1202.4. (*Kopp, supra*, at pp. 95-96.)

In the meantime, we join several other courts in concluding that the principles of due process do not require determination of a defendant's present ability to pay before imposing the fines and assessments at issue in *Dueñas* and in this proceeding. (*People v. Cota* (2020) 45 Cal.App.5th 786, 794-795; *People v. Kingston* (2019) 41 Cal.App.5th 272, 279; *People v. Hicks* (2019) 40 Cal.App.5th 320, 329, review granted Nov. 26, 2019, S258946; *People v. Aviles* (2019) 39 Cal.App.5th 1055, 1069; *People v. Caceres* (2019) 39 Cal.App.5th 917, 928.)

We also find no merit in defendant's Eighth Amendment claim that the restitution fees were grossly disproportional or unconstitutionally excessive (*People v. Aviles, supra*, 39 Cal.App.5th at pp. 1069-1072), or his claim that equal protection was violated. (*Id*. at p. 1069 [" '[There is] no general due process and equal protection authority which requires a court to conduct a preassessment present ability-to-pay hearing before imposing any fine or fee on a defendant, as *Dueñas* seems to conclude,' " italics omitted].)

On appeal, the People contend there are two errors in the order of probation. First, they argue the trial court orally imposed both a $300 felony restitution fine and a $150 misdemeanor restitution fine for defendant's convictions in case No. 207—one for the felony conviction and one for the misdemeanor. Second, they argue the trial court erred and should have imposed another $150 misdemeanor restitution fine in case No. 786, in which defendant pleaded guilty to a single misdemeanor.

The record does not support either of the People's contentions. Rather, the record indicates the trial court did exactly as it should: imposed a single felony restitution fine and a single misdemeanor restitution fine. Restitution fines, unlike the court operations and facilities assessments, are not assessed on each conviction but rather once on a single case. (Compare § 1202.4, subd. (b) with § 1465.8 and Gov. Code, § 70373.)

4

In case No. 207, defendant was convicted of both a felony and a misdemeanor. Accordingly, the court imposed a felony restitution fine. In case No. 786, defendant was convicted only of a misdemeanor, for which the court imposed a misdemeanor restitution fine. We thus find no error and no reason to correct the order of probation.

## DISPOSITION

The judgment is affirmed.

      KRAUSE     , J.

We concur:

    MURRAY    , Acting P. J.

    HOCH    , J.