Filed 10/18/22 P. v. Palm CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C095566 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF05606) |
| v. | |
| CLIFFORD ALBERT PALM III, | |
| Defendant and Appellant. | |

Defendant Clifford Albert Palm III appeals from the judgment entered following his no contest plea to committing battery with serious injury and suffering a prior serious or violent felony conviction. Defendant contends, and the People agree, that the three-year parole period imposed was unauthorized and must be reduced to a two-year parole period. We agree and modify the judgment.

1

## BACKGROUND[1]

In October 2021, defendant "headbutted" the front desk person of a chapel, causing a large cut above the victim's eye. Defendant pleaded no contest to committing battery with serious injury (Pen. Code, § 243, subd. (d));[2] his plea included a *Harvey*[3] waiver and the trial court dismissed the prior conviction allegation. Defendant's executed plea form indicated that he would be subject to a three-year parole term.

At defendant's November 2021 sentencing, the trial court imposed a three-year prison term and ordered defendant be on parole for three years following his release from custody. Defendant did not object to the parole term pronouncement.

## DISCUSSION

Defendant contends the three-year parole period imposed by the trial was unauthorized and the parole term must be reduced to two years.

Although defendant did not object to the imposition of the three-year parole term in the trial court, we may correct an unauthorized sentence on appeal despite the failure to object. (*People v. Scott* (1994) 9 Cal.4th 331, 354.) A sentence is unauthorized if "it could not lawfully be imposed under any circumstance in the particular case." (*Ibid.*)

Effective August 6, 2020, section 3000.01, with exceptions inapplicable here, provides that prison inmates subject to parole who have been sentenced to a determinate term and will be released on or after July 1, 2020, shall be released on parole for a period of two years. (§ 3000.01, subds. (a), (b)(1) & (d).)

---

[1] The parties stipulated that the factual basis of the plea would be taken from the probation report.

[2] Undesignated statutory references are to the Penal Code.

[3] *People v. Harvey* (1979) 25 Cal.3d 754.

2

In 2021, defendant was sentenced to a determinate term and will necessarily be released from prison after July 1, 2020. Given these conditions, the maximum period of parole that the trial court could impose under the new law was two years. Accordingly, defendant's period of parole must be reduced to two years.

## DISPOSITION

The judgment is modified to reduce defendant's parole supervision term to two years. As modified, the judgment is affirmed. The clerk is directed to prepare an amended minute order. The clerk is additionally directed to prepare an amended abstract of judgment and forward a certified copy to the Department of Corrections and Rehabilitation.

_____KRAUSE_____, J.

We concur:

_____HULL_____, Acting P. J.

_____DUARTE_____, J.

3