Filed 3/23/16  P. v. Calandrella CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>    v.<br><br>BRETT ALI CALANDRELLA,<br><br>        Defendant and Appellant. | C079322<br><br>(Super. Ct. No. CM041102) |

Defendant appeals from an order resentencing him pursuant to Proposition 47, the Safe Neighborhoods and Schools Act (Pen. Code, § 1170.18),[1] contending the trial court abused its discretion by not imposing a "split-sentence" as permitted by section 1170, subdivision (h) and instead imposing a full state prison sentence.  The People contend defendant's failure to obtain a certificate of probable cause bars his claim, and in any

_____

[1] Further undesignated statutory references are to the Penal Code.

1

event the trial court acted within its discretion.  Defendant's claim is cognizable, but we find no abuse of discretion by the trial court, and therefore affirm the judgment.

## PROCEDURAL BACKGROUND

On May 14, 2014, defendant resolved several pending criminal cases by pleading no contest to possession of a dirk or dagger (§ 21310) and of concentrated cannabis (Health & Saf. Code, § 11357, subd. (a)), in exchange for a promise of no immediate state prison, and dismissal of other charges with a *Harvey*[2] waiver; further, this admission meant he had violated an existing grant of probation.

With evident reluctance about defendant's commitment to refrain from drug and alcohol use, on June 11, 2014, the sentencing judge nonetheless honored the plea bargain and placed defendant on probation.

Defendant did not appeal from the probation order.  (Cf. § 1237, subd. (a).)

On March 25, 2015, defendant pleaded no contest to a misdemeanor, resisting a peace officer (§ 148, subd. (a)(1)), which constituted a violation of his extant probation conditions, and a second count was dismissed with a *Harvey* waiver.

On April 22, 2015, the trial court confirmed that defendant was eligible for Proposition 47 sentencing on the cannabis charge and reduced it to a misdemeanor.  The court indicated a tentative sentence of three years in state prison, the upper term on the dirk or dagger possession charge, although it recognized that the probation department recommended "county prison with mandatory supervision."  Based on defendant's criminal record, poor performance on probation, and continued criminality, the court revoked probation.

In aggravation, the trial court found defendant had numerous adult convictions (two felonies and six misdemeanors), performed poorly on probation (committing two more crimes), and continued to use intoxicants despite *five* separate rehabilitation

---

[2]  See *People v. Harvey* (1979) 25 Cal.3d 754.

attempts. These factors outweighed the only mitigating factor, defendant's indication of a willingness to comply with a further grant of probation. "In light of the factors in aggravation, mandatory supervision is not in the interest of justice." The trial court imposed three years for the dirk or dagger possession, terminated probation in one case and denied probation in another, and ordered concurrent one-year sentences for each of those cases.

Defendant timely filed a notice of appeal, but did not seek or obtain a certificate of probable cause.

## DISCUSSION

### I

*Cognizability*

The People contend defendant's claim is not cognizable absent a certificate of probable cause. (§ 1237.5.) They are wrong.

If defendant had bargained for a stipulated sentence, he would need a certificate of probable cause, because he would be challenging the validity of his plea. (See *People v. Buttram* (2003) 30 Cal.4th 773, 781-791.)

However, defendant's plea bargain did not call for stipulated sentence, only a potential maximum sentence of three years eight months if he violated probation. At the time of sentencing the trial court had discretion to grant or deny probation, or impose a "county prison" or "state prison" or "split" sentence, unfettered by the plea bargain. In such circumstances, defendant is not challenging the validity of his plea and had therefore no need to seek or obtain a certificate of probable cause.

### II

*Abuse of Discretion*

Defendant contends the trial court abused its discretion in sentencing him to state prison instead of imposing a term of imprisonment in county jail with a period of mandatory local supervision. We disagree.

3

The relevant statute provided that a trial court "shall" impose a split sentence *unless* the trial court finds, "in the interests of justice," that a split sentence is not appropriate. (§ 1170, subd. (h)(5); see Cal. Rules of Court, rule 4.415(a).)

"What the interests of justice require in a particular case constitutes a question uniquely addressed to the broad judicial discretion of the trial court." (*People v. Stuckey* (2009) 175 Cal.App.4th 898, 916; see *People v. Welch* (1993) 5 Cal.4th 228, 233.) In exercising its discretion, the trial court was required to consider the law applicable to the issue at hand. (See *County of Yolo v. Garcia* (1993) 20 Cal.App.4th 1771, 1778.)

Here, in making its sentencing choice, the trial court was permitted to consider "Whether the nature, seriousness, or circumstances of the case or the defendant's past performance on supervision substantially outweigh the benefits of supervision in promoting public safety and the defendant's successful reentry in to the community upon release from custody." (Cal. Rules of Court, rule 4.415(b)(4).)

Defendant's briefing merely reargues the facts, viewing them in the light most favorable to himself. However, the record supports the trial court's findings (detailed above) that defendant repeatedly violated probation, had a lengthy criminal record, and failed to rehabilitate himself despite multiple opportunities to reform. Although defendant expressed a willingness to reform, the trial court could find he was either insincere or that defendant's desire for reform was insufficient to overcome his well-documented and longstanding propensity to reoffend.

In short, although a different judicial officer may have made a different decision, the record supports the trial court's exercise of discretion in this case.

# DISPOSITION

The judgment (resentencing order) is affirmed.

                                        /s/

                                    Duarte, J.

We concur:

/s/
Murray, Acting P. J.

/s/
Renner, J.