Filed 10/27/20  P. v. Jones CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Amador)

----

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>WALTER OLIN JONES,<br><br>    Defendant and Appellant. | C091189<br><br>(Super. Ct. Nos. 19CR28671,<br>19CR28702) |

Defendant Walter Olin Jones pled no contest to spousal abuse, admitted a prior strike conviction and two prior prison term enhancements, and in a separate case, pled guilty to attempting to dissuade a witness and admitted a prior strike conviction.  The trial court sentenced defendant to prison for an aggregate term of nine years four months, including two one-year prior prison term enhancements.  The parties agree that the one-

year sentence enhancements imposed on defendant pursuant to Penal Code[1] section 667.5, subdivision (b), must be stricken because of recently adopted legislation.

BACKGROUND

The substantive facts underlying defendant's conviction are not relevant to the issue raised on appeal and are not recounted here.

The case was resolved by a plea agreement resolving two cases, for an aggregate prison term of nine years four months. In the first case, case No. 19CR28671, defendant was charged with multiple felony counts, including two counts of making criminal threats, spousal abuse, and battery with serious bodily injury. In addition, the complaint alleged a prior strike enhancement and seven prior prison term enhancements. In the second case, case No. 19CR28702, defendant was charged with attempting to dissuade a witness and 13 misdemeanor counts of disobeying an emergency protective order. The complaint was amended to add a prior strike conviction.

Both cases were resolved by plea, with a stipulated disposition as to each. On case No. 19CR28671, the plea agreement provides defendant pled guilty to spousal abuse, admitted a prior strike and two one-year prior prison term enhancements, in exchange for a stipulated term of eight years. The trial court calculated the eight years by applying the midterm of three years, doubled per the strike, plus the two one-year prior prison term enhancements. Defendant acknowledged the maximum term was 10 years. On case No. 19CR28702, the plea agreement provides defendant pled guilty to dissuading a witness and admitted a prior strike, in exchange for a consecutive term of 16 months. The trial court calculated the 16 months by applying one-third the midterm, doubled per the strike. Defendant acknowledged the maximum term was six years. The trial court sentenced defendant in accordance with the plea to an aggregate prison term of nine years

---

[1] Undesignated statutory references are to the Penal Code.

four months. The remaining counts and enhancements were dismissed in the interest of justice with a *Harvey*[2] waiver as to restitution.

## DISCUSSION

Signed by the Governor on October 8, 2019, and effective January 1, 2020, Senate Bill No. 136 amends section 667.5, subdivision (b), to eliminate the one-year prior prison term enhancement for most prior convictions. (Stats. 2019, ch. 590, § 1.) An exception, not applicable here, is made for a qualifying prior conviction on a sexually violent offense, as defined in Welfare and Institutions Code section 6600, subdivision (b).

Because Senate Bill No. 136 is now effective and defendant's judgment is not yet final, the amended law applies to him retroactively. (See *In re Estrada* (1965) 63 Cal.2d 740, 744-745 [absent evidence of contrary legislative intent, ameliorative criminal statutes apply to all cases not final when statute takes effect].) Accordingly, both of defendant's section 667.5, subdivision (b) enhancements must be stricken.

We remand the matter for resentencing because the trial court may reach the stipulated sentence in an alternate manner given the plea agreement does not prescribe how the stipulated sentence shall be calculated. Because the trial court did not impose the maximum possible sentence, it should be allowed to exercise its discretion in reaching the stipulated sentence in light of the changed circumstances. (See *People v. Lopez* (2019) 42 Cal.App.5th 337, 342; *People v. Buycks* (2018) 5 Cal.5th 857, 896, fn. 15.) While the trial court is entitled to reconsider its entire sentencing scheme, defendant may not be sentenced to a term in excess of the stipulated sentence. (See *People v. Burns* (1984) 158 Cal.App.3d 1178, 1184.)

---

[2]      *People v. Harvey* (1979) 25 Cal.3d 754.

## DISPOSITION

The convictions are affirmed.  The two one-year prison prior enhancements imposed pursuant to section 667.5, subdivision (b), are stricken.  The matter is remanded to the trial court for resentencing.

/s/
Robie, Acting P. J.

We concur:

/s/
Mauro, J.

/s/
Krause, J.

4