Filed 4/29/22  P. v. Secrest CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Butte)

----

| | |
|---|---|
| THE PEOPLE, | C093745 |
| Plaintiff and Respondent, | (Super. Ct. No. 21CF00187) |
| v. | |
| CARLTON GORDON SECREST, | |
| Defendant and Appellant. | |

Defendant Carlton Gordon Secrest pleaded no contest to charges related to felony indecent exposure, and the trial court sentenced him to the upper term in prison.  On appeal, he contends he received ineffective assistance of counsel because his trial counsel did not request mental health diversion pursuant to Penal Code section 1001.36.  (Statutory section citations that follow are to the Penal Code.)

In supplemental briefing, defendant argues we must reverse and remand the matter so as to give him the benefit of the ameliorative changes to section 1170 enacted under

Senate Bill No. 567 (2021-2022 Reg. Sess.) (Senate Bill 567) (Stats. 2021, ch. 731), which came into effect on January 1, 2022, while his appeal was pending. The People concede, and we agree. We will reverse defendant's sentence, remand for resentencing, and otherwise affirm.

## FACTS AND HISTORY OF THE PROCEEDINGS

In January 2021, the victim was parked in his car at a gas station. Defendant approached the driver's side window and spat on the victim. Defendant then walked to the front passenger side, pulled down his pants, exhibited his penis, and masturbated in front of the victim. Police arrived and found defendant sitting nearby. He was "unable to communicate properly." Defendant said he was under the influence of marijuana.

In January 2021, defendant was charged with felony indecent exposure with a prior felony indecent exposure conviction (§ 314, subd. (1)) and misdemeanor battery (§ 242). It was further alleged defendant had a prior strike. (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d).)

In February 2021, defendant pleaded no contest to felony indecent exposure and admitted the prior indecent exposure conviction and the prior strike. The remaining charges were dismissed with a *Harvey* (*People v. Harvey* (1979) 25 Cal.3d 754, 758) waiver.

In the March 2021 probation report, the probation officer noted that, in February 2021, defendant had been prescribed Benadryl and an unknown psychotropic medication to treat schizophrenia by the jail. He had begun receiving treatment for schizophrenia at the county behavioral health department in 2004, but he stopped participating in treatment in 2016. Defendant said the medication was "helping," and he would continue with the medication and treatment upon release from custody. Defendant also said he had been unemployed for 10 years due to mental health issues.

Defendant told the probation officer in March 2021 that he was under the influence of alcohol and marijuana when he committed the crimes. He expressed remorse for his actions and felt "bad that I did it. I don't mean to be a [jerk]. I'm having a mental breakdown. My mom just passed. I can't find a job and my Social Security dropped." Defendant said he was addicted to marijuana and alcohol. Defendant said he would like to participate in an in-patient substance abuse program. His goal was to stay sober.

The probation officer recommended the upper term. Although the current crimes "may have been committed due to [defendant's] mental health issues," the current offense was just as serious as other instances of the same crime, defendant was an active participant in the offense, he had an extensive criminal history that included violence-related crimes, and his prior probation and parole performance was unsatisfactory. Defendant was on probation and parole when he committed the current offense.

During the March 2021 sentencing hearing, the trial court announced its tentative decision to impose the upper term. Defense counsel acknowledged defendant's criminal history but asked the court to strike defendant's prior strike pursuant to section 1385, or to impose the middle term. Defense counsel argued there were "mental health issues in this case," as well as drug use.

In addition, defense counsel argued, defendant had committed the current offense to offend, rather than in a sexual way. The prosecution responded that defendant had committed a similar crime in 2013, and "whatever underlying issues that cause him to engage in this kind of behavior have not been addressed, and we're concerned that we'll be right back here with a similar case, should he not get the upper term and have a strike imposed."

The trial court denied probation and defendant's motion to strike the strike and imposed a six-year prison sentence (the upper term of three years doubled due to the prior strike). The trial court also imposed various fines and fees.

Defendant did not obtain a certificate of probable cause on appeal.

## DISCUSSION

## I

### *Ineffective Assistance of Counsel*

To establish a claim of ineffective assistance of counsel, a defendant must prove that (1) trial counsel's representation was deficient because it fell below an objective standard of reasonableness under prevailing professional norms, and (2) the deficiency resulted in prejudice to defendant, meaning there is "a reasonable probability that, but for counsel's deficient performance, the outcome of the proceeding would have been different." (See *People v. Mai* (2013) 57 Cal.4th 986, 1009-1010; see also *Strickland v. Washington* (1984) 466 U.S. 668, 687-688, 694.) On direct appeal, a conviction will be reversed for ineffective assistance "only if (1) the record affirmatively discloses counsel had no rational tactical purpose for the challenged act or omission, (2) counsel was asked for a reason and failed to provide one, or (3) there simply could be no satisfactory explanation. All other claims of ineffective assistance are more appropriately resolved in a habeas corpus proceeding." (*Mai*, at p. 1009.)

Under section 1001.36, a court may grant pretrial diversion to a defendant if the court is satisfied that (1) the defendant suffers from a qualifying mental disorder (including schizophrenia), (2) the mental disorder played a significant role in the commission of the charged offense, (3) a qualified mental expert opines that defendant's symptoms would respond to mental health treatment, (4) defendant consents to the diversion and waives his right to a speedy trial, (5) defendant agrees to comply with treatment, and (6) defendant will not pose an unreasonable risk of danger to public safety. (§ 1101.36, subd. (b)(1).) Although courts of appeal have differed as to when a defendant must ask the trial court for mental health diversion, this court has held that a defendant may do so until sentencing and entry of judgment. (*People v. Curry* (2021)

4

62 Cal.App.5th 314, 325, review granted July 14, 2021, S267394; but see *People v. Graham* (2021) 64 Cal.App.5th 827, 832-833 [request for pretrial diversion must be made prior to jury's guilty verdict, review granted Sept. 1, 2021, S269509]; *People v. Braden* (2021) 63 Cal.App.5th 330, 333 [defendant is ineligible for diversion after his trial begins], review granted July 14, 2021, S268925.)

Defendant contends competent counsel would have requested the trial court conduct a mental health diversion eligibility hearing because the record established that he would have qualified. Defendant notes that he told the probation officer that he suffered from schizophrenia, a qualified mental illness. Defendant also said he had been unable to work for 10 years and was "having a mental breakdown." According to defendant, the facts of his offense suggest that his mental illness played a significant role in the commission of the charged offense, especially since he was unable to communicate properly with police just after the incident. In addition, the probation officer, defense counsel, and the court all recognized that mental illness may have played a role in the incident.

However, the record does not establish why defense counsel did not request a hearing on mental health diversion. It is possible that counsel failed to consider the possibility of making the request, or unreasonably determined that defendant was ineligible for diversion. But it is also possible that counsel had valid reasons not to pursue the issue. For example, defendant could have said he did not consent to diversion, did not want to participate in mental health treatment, or did not want to waive his right to a speedy trial. (See § 1001.36, subd. (b)(1) [listing diversion criteria including that the defendant "consents to diversion," "agrees to comply with treatment," and "waives [his] right to a speedy trial"].) Under the circumstances, the issue is better considered in a habeas corpus proceeding with a record developed for it.

5

II

*Remand for Resentencing*

While defendant's appeal was pending, Senate Bill 567 came into effect and modified the methodology employed when the court is selecting a triad term under section 1170, creating a presumption in favor of the middle term except as provided. (Stats. 2021, ch. 731, §§ 1.3, 2.)  The parties agree it should be applied retroactively to defendant's nonfinal judgment.  We concur that Senate Bill 567 should be applied retroactively to this case and will reverse defendant's sentence and remand for resentencing so that the court may exercise its discretion in accordance with the new, more favorable rules for selecting the appropriate triad term under amended sections 1170 and 1170.1.  (See, *e.g*., *People v. Stamps* (2020) 9 Cal.5th 685, 699 ["Eliminating the prior restriction on the court's ability to strike a serious felony enhancement in furtherance of justice constitutes an ameliorative change within the meaning of *Estrada*"].)

DISPOSITION

The judgment is reversed and the matter is remanded for resentencing consistent with the changes brought about by Senate Bill 567 and related legislation.[1] The judgment is otherwise affirmed.

                                                    _____
                                                    HULL, J.

We concur:

_____
BLEASE, Acting P. J.

_____, J.
HOCH, J.

_____

[1] Senate Bill 567, Assembly Bill No. 124 (2021-2022 Reg. Sess.), and Assembly Bill No. 1540 (2021-2022 Reg. Sess.) were all signed by the Governor on October 8, 2021, and modified certain provisions related to sentencing. Because the application of Senate Bill 567 to this case requires remand, we need not address the possible applicability of the other provisions.