Filed 12/13/22  P. v. Mendez CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

<table>
<tr><td>THE PEOPLE,<br>     Plaintiff and Respondent,<br>v.<br>HILCER MENDEZ,<br>     Defendant and Appellant.</td><td>A163837<br><br>(Marin County<br>Super. Ct. No. SC206512A)</td></tr>
</table>

In May 2021, Hilcer Mendez (appellant) pled guilty to a forcible lewd act upon a child under the age of 14 years (Pen. Code, § 288, subd. (b)(1)).[1]  The plea agreement did not include a stipulated sentence.  In July, the trial court sentenced appellant to the upper term of ten years in state prison.

While this appeal was pending, "[e]ffective January 1, 2022, our determinate sentencing law, section 1170, was amended in several fundamental ways.  (See Sen. Bill No. 567 (2020–2021 Reg. Sess.); Stats. 2021, ch. 731, § 1.3; Assem. Bill No. 124 (2020–2021 Reg. Sess.);

_____

[1] All undesignated section references are to the Penal Code.  We omit the underlying facts, which are not relevant to this appeal.

1

Stats. 2021, ch. 695, § 5.)" (*People v. Flores* (2022) 73 Cal.App.5th 1032, 1038.) Two amendments are relevant here. First, the statute now provides the court may impose an upper term sentence "only when there are circumstances in aggravation of the crime that justify the imposition of a term of imprisonment exceeding the middle term, and the facts underlying those circumstances have been stipulated to by the defendant, or have been found true beyond a reasonable doubt at trial by the jury or by the judge in a court trial," or upon consideration of the defendant's prior convictions based on a certified record of conviction. (§ 1170, subd. (b)(2)–(3).) Second, the statute now provides that, "unless the court finds that the aggravating circumstances outweigh the mitigating circumstances that imposition of the lower term would be contrary to the interests of justice, the court shall order imposition of the lower term if," as relevant here, "a contributing factor in the commission of the offense" was the defendant's experience of "childhood trauma." (§ 1170, subd. (b)(6)(A).) Appellant argues he is entitled to resentencing under the amended statute.

As the People concede, "the amended version of section 1170, subdivision (b) that became effective on January 1, 2022, applies retroactively in this case as an ameliorative change in the law applicable to all nonfinal convictions on appeal." (*People v. Flores, supra,* 73 Cal.App.5th at p. 1039.) The People also concede the aggravating circumstances relied on by the trial court do not satisfy section 1170, subdivision (b)(2) because they were not stipulated to by appellant, found true beyond a reasonable doubt, or based on a certified record of conviction.[2] Finally, the People agree with appellant's

---

[2] The aggravating factors found by the court were: there was a high degree of cruelty and callousness (Cal. Rules of Court, rule 4.421(a)(1)); the victim was particularly vulnerable (*id.,* rule 4.421(a)(3)); appellant took

2

contention that he is entitled to present evidence that childhood trauma was a contributing factor in the commission of the offense under section 1170, subdivision (b)(6)(A).  The People's concessions are all proper.

## DISPOSITION

The judgment is reversed and remanded for resentencing under the amended version of section 1170, subdivision (b).

_____
SIMONS, Acting P.J.

We concur.

_____
BURNS, J.

_____
WISEMAN, J.*

(A163837)

_____

advantage of a position of trust (*id.,* rule 4.421(a)(11)); and there were additional instances of misconduct based on charges dismissed with a waiver pursuant to *People v. Harvey* (1979) 25 Cal.3d 754 (*id.,* rule 4.425(c)).

* Retired Associate Justice of the Court of Appeal, Fifth Appellate District, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.