Filed 4/11/23  P. v. Stockman CA1/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>v.<br><br>JESSE ARTHUR STOCKMAN,<br><br>　　　Defendant and Appellant. | A164669<br><br>(Napa County<br>Super. Ct. No. 21CR001775) |

**MEMORANDUM OPINION**[1]

Jesse Arthur Stockman was charged with various offenses in a six-count information arising from a violent altercation with his ex-girlfriend, Jane Doe, during which he broke her nose.  He pled no contest to a single count of corporal injury to a cohabitant (§ 273.5, subd. (a)) and admitted a great bodily injury enhancement (§ 12022.7, subd. (e)).  In exchange for his plea, he was promised a five-year maximum prison sentence, and he indicated in his plea form that he understood he was pleading to a violent felony.  The trial court accepted the plea and, on motion of the district

---

[1]　We resolve this case by memorandum opinion pursuant to California Standards of Judicial Administration, section 8.1, reciting only those facts necessary to resolve the issues raised.

All undesignated statutory references appearing within are to the Penal Code.

1

attorney, dismissed all of the remaining counts with a *Harvey* waiver.[2]  The defendant also entered an *Arbuckle* waiver,[3] such that another judge could sentence him at a later date.

At a sentencing hearing, defense counsel asked the trial court to grant probation, arguing the evidence showed that Jane Doe was the initial aggressor and that defendant reacted with excessive force.  The court continued the hearing so it could consider the preliminary hearing transcript, and the court also allowed the parties to file additional briefing, in part, about whether to strike the great bodily injury enhancement or the punishment for that enhancement.

At the continued sentencing hearing on November 22, 2021, the prosecutor noted that the enactment of Senate Bill No. 567 (Senate Bill 567)—which would take effect at the beginning of the new year—would generally require imposition of the middle term unless the defendant stipulated to aggravating circumstances, or a jury or the court found such circumstances true beyond a reasonable doubt.  The prosecutor stated that if the court were inclined to strike punishment on the great bodily injury enhancement, then she would ask the court to impose the upper term of four years for the section 273.5 count.  The prosecutor pressed for defendant's stipulation to aggravating circumstances out of concern that, absent such a stipulation, an upper term sentence would be reversed due to Senate Bill 567.

The trial court indicated that if defendant would stipulate to aggravating factors, it would consider imposing the upper term of four years for the section 273.5 count and striking the punishment for the great bodily injury enhancement, rather than sentencing him to five years.  Defense

---

[2]     *People v. Harvey* (1979) 25 Cal.3d 754.

[3]     *People v. Arbuckle* (1978) 22 Cal.3d 749.

counsel stated defendant would surely prefer four years to five and stipulate to circumstances in aggravation, but defendant interjected "no." Defendant then made a short statement, during which he took responsibility for breaking Jane Doe's nose, while also saying he did not "want to aggravate anybody." The prosecutor then pressed for defendant's stipulation to all of the aggravating circumstances found applicable by the probation department, at which point the court said the prosecutor might as well proceed to sentencing. After defense counsel indicated he had nothing to add, the court sentenced defendant to a five-year term: two years for the section 273.5 count, and three years for the great bodily injury enhancement.

Defendant appeals, arguing that remand for resentencing is necessary because the trial court misunderstood its sentencing discretion under Senate Bill 567. The People concede the error, stating that by admitting to the great bodily injury enhancement, defendant effectively stipulated to at least one aggravating circumstance (Cal. Rules of Court, rule 4.421(a)(1)[4]), which could have justified imposition of the upper term of four years even under Senate Bill 567. The People further concede that a remand is necessary so that the trial court can resentence defendant "with a proper understanding of its power under [Senate Bill] 567."

We accept the People's concessions. Under rule 4.421(a)(1), circumstances in aggravation include: "(1) [when] [t]he crime involved great violence, great bodily harm, threat of great bodily harm, or other acts disclosing a high degree of cruelty, viciousness, or callousness." In this case, defendant admitted that he "personally inflict[ed] great bodily injury" (§ 12022.7, subd. (e)), which permitted the trial court to rely upon the aggravating circumstance set out in rule 4.421(a)(1).

---

[4] All further rule references are to the California Rules of Court.

3

Moreover, rule 4.420(g) provides that "a fact charged and found as an enhancement may be used as a reason for imposing a particular term only if the court has discretion to strike the punishment for the enhancement and does so. The use of a fact of an enhancement to impose the upper term of imprisonment is an adequate reason for striking the additional term of imprisonment, regardless of the effect on the total term." Furthermore, Senate Bill 567 did not alter the rule that a single aggravating factor may justify imposition of the upper term. (*People v. Black* (2007) 41 Cal.4th 799, 813; *People v. Berdoll* (2022) 85 Cal.App.5th 159, 163.) As such, it appears the trial court could have struck the punishment for the great bodily injury enhancement, in order to rely on the aggravating factor set out in rule 4.421(a)(1) to justify the upper term.

" 'Defendants are entitled to sentencing decisions made in the exercise of the "informed discretion" of the sentencing court. [Citations.] A court which is unaware of the scope of its discretionary powers can no more exercise that "informed discretion" than one whose sentence is or may have been based on misinformation regarding a material aspect of a defendant's record.' [Citations.] In such circumstances, we have held that the appropriate remedy is to remand for resentencing unless the record 'clearly indicate[s]' that the trial court would have reached the same conclusion 'even if it had been aware that it had such discretion.' " (*People v. Gutierrez* (2014) 58 Cal.4th 1354, 1391.) Here, because the record reflects that the trial court was unaware of the scope of its discretion, we will remand the matter for resentencing.[5]

---

[5] In light of our conclusion, we need not and so do not consider defendant's alternative contention that the trial court abused its discretion in wrongly believing it needed the prosecutor's assent as to the number of

4

## DISPOSITION

The judgment of conviction is affirmed, but the matter is remanded to the trial court for resentencing in a manner not inconsistent with this opinion.

FUJISAKI, J.

WE CONCUR:

TUCHER, P.J.

RODRÍGUEZ, J.

*People v. Stockman* (A164669)

---

aggravating circumstances requiring defendant's stipulation before the upper term could be imposed. Nor do we consider defendant's argument that, if his trial attorney forfeited his appellate issues by failing to object, then he suffered from ineffective assistance of counsel.

5